**Russell EADY, a minor, by Lillian Becker, his mother and next friend, and Lillian Becker, Plaintiffs-Appellees,**

v.

**Otto R. FOERDER, Defendant-Appellant.**

**No. 16069.**

United States Court of Appeals
Seventh Circuit.

July 13, 1967.

John T. Kennedy, Chicago, Ill., for appellant.

Allen S. Gerrard, David N. Rosner, Chicago, Ill., for appellees.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Otto R. Foerder, defendant, has appealed from the judgment or order of the district court entered November 7, 1966, granting plaintiffs' motion for a new trial in the above-entitled case.

On April 14, 1966, in an action brought by plaintiffs to recover damages occasioned by the alleged negligence of defendant in driving his automobile, the jury returned a verdict for defendant.

The district judge's minute order, following the recital of the receipt of the verdict, reads, verbatim:

Judgment to enter. Leave to plaintiff to file any and all post trial motions with brief and written argument in support thereof within 30 days. Opposing brief and argument 30 days thereafter—reply thereto 10 days— whereupon said motions will be disposed of by the court without oral argument.

After the verdict was read the court directed judgment to be entered on the verdict. Then the court asked plaintiffs' counsel if he was going to make any

motion notwithstanding the judgment, and suggested to counsel for plaintiff "that you make your motion now and then file your brief. The Rule gives you five, ten and five days, but I will give you longer if you want." Plaintiffs' counsel asked if it would be permissible to have thirty days. The court then said "Get everything in your briefs. There will be no oral argument. * * *"

On May 12, 1966 plaintiffs filed a typewritten motion for a new trial, which the court by its November 7, 1966 order granted. The order recited, in part:

> " * * * it being the finding of the court based upon a review of its trial notes that the jury verdict rendered herein was and is against the substantial and manifest weight of the evidence."

Defendant contends that the court erred in granting this motion for a new trial because it was not served within the ten days required by Rule 59(b).[1] He also contends that rule 6(b), providing for enlargement of time, specifically excludes rule 59(b).

 We are convinced by the circumstances in this case that the court properly entertained the motion for a new trial and we would not be justified in reversing its November 7, 1966 order. This position is in harmony with the holdings in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), and Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964). We feel that there are "unique circumstances" present in the case at bar which warrant the result which we reach herein. Reasonably construed, the facts appearing in the record indicate that plaintiffs, in reliance upon the district court's order of April 14, 1966, filed a motion for a new trial within the extended period of time. The implication of the November 7, 1966 order is that there was justifiable excuse for plaintiffs' failure to file their motion within ten days from the date of entry of judgment. That determination we should not set aside.

We hold that the district court had jurisdiction to enter the order granting plaintiffs' motion for a new trial. The merits of that order are not appealable, however, and we express no opinion as to them. Cooper v. Midwest Feed Products Co., 8 Cir., 271 F.2d 177 (1959). The order is affirmed and the cause is remanded for further proceedings.

Order affirmed and cause remanded.

---

1. Rule 59(b) reads:
   * * * A motion for a new trial shall be served not later than 10 days after the entry of the judgment. * * *