Beecher A. HUGHES, Plaintiff-Appellant,

v.

COUNTY OF MORGAN and Morgan County Commissioners, Defendants-Appellees.

No. 1–783A220.

Court of Appeals of Indiana, First District.

Aug. 19, 1983.

Michael K. Sutherlin, L. Peter Iverson, Sutherlin, Iverson, Tucker & Wilhelmus, Indianapolis, for plaintiff-appellant.

Alvin E. Meyer, Stewart, Irwin, Gilliom, Fuller & Myer, Indianapolis, for defendants-appellees.

PER CURIAM.

This cause is pending before the Court on the appellees' Motion to Dismiss Appeal and, in the Alternative, to Affirm the Judgment of the Trial Court, which alleges the appellant has failed to comply with the provisions of Appellate Rule 2 in that appellant failed to file his praecipe within thirty days after the ruling on the motion to correct errors, and the appellant failed to file his Submission for Pre-Appeal Conference within ten days after the filing of the praecipe. We dismiss.

The right to appeal is forfeited if the praecipe is not timely filed. Appellate Rule 2(A); *Sears, Roebuck & Co. v. Hutchens* (1973), 260 Ind. 561, 297 N.E.2d 807.

The appellant's Submission for Pre-Appeal Conference was filed with the Clerk of this Court on July 15, 1983. The documentation attached to it discloses that the motion to correct errors was overruled on May 25, 1983. The copy of the praecipe attached is not file-stamped, however, the certificate of service on opposing counsel is dated June 29, 1983. Appellees' counsel alleges under oath that he is informed the praecipe was filed on June 27, 1983. Either of those dates is more than thirty days after the ruling on the motion to correct errors, and the date of filing of the Submission for Pre-Appeal Conference is more than ten days after either of those dates.

Appellate Rule 2(C) was adopted by the Supreme Court of Indiana on May 10, 1982. The members of the bar of this state have had over a year to become informed of the Rule and its requirements. This Court has previously given notice by publication in *Res Gestae,* and by other means, that as of July 1, 1983, the Rule would be strictly enforced.

By reason of the appellant's failure to comply with the requirements of the Rule, this cause is dismissed.