**In re Bobby C. GALLOWAY,
Respondent-Appellant,**

v.

**STATE of Indiana, Petitioner-Appellee.**

No. 1-385A68.

Court of Appeals of Indiana,
First District.

Nov. 25, 1985.

David G. Hatfield, Evansville, for respondent-appellant.

Robert J. Pigman, Pros. Atty., 1st Judicial Dist., Evansville, for petitioner-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Respondent-appellant, Bobby Charles Galloway (Galloway), appeals the results of certain mental health commitment proceedings conducted in the Vanderburgh Circuit Court under Cause Number 2826, and the Vanderburgh Superior Court, Probate Division, Number 84–CIV–1066.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

After being tried in the Vanderburgh Circuit Court on homicide charges in the slaying of his grandmother, Galloway was found not guilty by reason of insanity. Thereafter on August 29, 1980, the same court committed him to the Department of Mental Health pursuant to IND.CODE 35–5–2–5.[1] Annual reports of the department were submitted to the Circuit Court and commitment was continued through April 16, 1984. On that date Galloway filed his petition in Circuit Court requesting that the case be transferred to the Vanderburgh Superior Court, Probate Division, pursuant to IND.CODE 16–14–9.1–9(a). That subsection confers jurisdiction in and requires transfer to the appropriate probate court all mental commitment proceedings occurring after the initial hearing and commitment. On October 15, 1984, Circuit Court Judge William H. Miller filed his petition with the Superior Court requesting it to accept the transfer, and such was ordered by the Superior Court. Over Galloway's objection, the Superior Court permitted Judge Miller to continue presiding over the case as Special Judge in Superior Court.

1. Now IND.CODE 35–36–2–4.

In the meantime, a report from the Department of Mental Health was received by the court which concluded that Galloway was no longer committable. Despite the report, Superior Court Special Judge Miller, on October 23, 1984, ordered the commitment continued. On October 25, 1984, Galloway filed a motion for change of judge from Judge Miller in Superior Court under IND.CODE 16–14–9.1–9 and 10 claiming both a right to an automatic change and a change for cause due to prejudice and adverse rulings.

On October 31, 1984, an appeal was taken from Circuit Court to this court under Cause Number 1–1084 A 270 which raised the following issues:

1. Error in permitting Judge Miller, as Circuit Court Judge, to serve as Special Judge in Superior Court.

2. Lack of jurisdiction of Judge Miller to serve as Special Judge in Superior Court.

3. Refusal to expunge Circuit Court records.

4. Continued confinement of Galloway in mental health facilities was contrary to law because the report from the Department concluded that he was no longer committable.

5. Error in permitting the prosecuting attorney to represent the State in commitment proceedings.

Also on October 31, 1984, Galloway, under IND.CODE 16–14–9.1–10(g), filed a Petition for Review of Dismissal of the October 23, 1984 order continuing his commitment. Thereafter on December 18, 1984, Judge Miller as Superior Court Special Judge overruled both of Galloway's October 25 motions (change of judge and objection to jurisdiction) and assigned a hearing date on the review of commitment for February 14, 1985. It does not appear from the record that the court ever disposed of the petition. Thereafter, on January 30, 1985, having concluded that Superior Court lacked jurisdiction, Judge Miller as Superi-

or Court Special Judge ordered the case transferred back to Circuit Court under the old cause number. On February 15, 1985, Galloway filed his Motion to Correct Errors in both the Superior Court case and the Circuit Court case. He thereafter perfected this appeal raising the following issues:

    I.   The decision of Judge Miller as Superior Court Special Judge to overrule the objection to Judge Miller's jurisdiction as special judge was error.

   II.   The decision of Superior Court Special Judge Miller to overrule the Motion for Change of Judge was error.

  III.   The decision of Superior Court Special Judge Miller to return the case to Circuit Court was error.

  IV.   The decision of Superior Court Special Judge Miller to permit the prosecuting attorney to intervene was error.

On June 28, 1985, this court handed down an opinion regarding the five issues Galloway raised on appeal October 31, 1984, under Cause Number 1–1084 A 270.[2] We affirmed that case in its entirety. Transfer was denied on October 28, 1985. That decision had the effect of holding that:

  1.   The Superior Court of Vanderburgh County acquired jurisdiction over the mental commitment of Galloway.

  2.   Judge William H. Miller was a properly constituted special judge and had jurisdiction over the case in Superior Court.

  3.   There was no error in refusing to expunge the Circuit Court record.

  4.   Continued confinement of Galloway in mental health facilities was lawful.

  5.   No error was committed in permitting the prosecuting attorney to participate in the proceedings on behalf of the state.

2.  In fairness to counsel for Galloway, his brief was filed May 24, 1985, prior to the decision.

## DISCUSSION AND DECISION

### Issues I and IV.

■   These two issues were clearly decided in the June 28, 1985 decision of this court. We held that the Superior Court had jurisdiction and Judge William H. Miller was a properly constituted special judge of that court. We held further that allowing the prosecuting attorney to participate was not error. Review here is precluded by the twin doctrines of res judicata and/or the law of the case, and those issues may not now be relitigated.

### Issue III.

The June 28 decision also decided that the Vanderburgh Superior Court, Probate Division, acquired jurisdiction over the commitment proceedings of Galloway.[3] That ruling became res judicata and/or the law of the case and may not be relitigated here. Special Judge William H. Miller was therefore in error in transferring the case back to Circuit Court. The State argues here that at the time of the original commitment, jurisdiction rested in Circuit Court under IND.CODE 35–5–2–5(b) and by virtue of a saving clause it remained there regardless of a subsequent change in the law requiring transfer in such matters to Superior Court. Whatever the merits of that argument, the matter was decided in the June 28 decision and may not now be relitigated. Circuit Judge William H. Miller is directed to transfer the case back to the Vanderburgh Superior Court, Probate Division.

### Issue II.  *Change of Judge.*

Galloway argues that the trial judge erred in denying his October 25 motion for a change of judge. He claims that under Ind.Rules of Procedure, Trial Rule 76(4), which permits a change of venue within 30 days after a probate claim, receivership claim, remonstrance, or other matters is docketed, that he was entitled to a change of judge within 30 days after the transfer of the commitment proceedings from Cir-

3.  The trial court ruled long before the June 28, 1985 opinion.

cuit Court to Superior Court which occurred on October 15. By necessity, we address the statutes involved.

IND.CODE 35–36–2–4 provides:

"Commitment proceedings.—Whenever a defendant is found not responsible by reason of insanity at the time of the crime, the prosecuting attorney shall file a written petition with the court under IC 16–14–9.1–8(c) or under IC 16–14–9.1–10. If a petition is filed under IC 16–14–9.1–8(c), the court shall hold a commitment hearing under IC 16–14–9.1–9. If a petition is filed under IC 16–14–9.1–10, the court shall hold a commitment hearing under IC 16–14–9.1–10. The hearing shall be conducted at the earliest opportunity after the finding of not responsible by reason of insanity at the time of the crime, and the defendant shall be detained in custody until the completion of the hearing. The court may take judicial notice of evidence introduced during the trial of the defendant and may call the physicians appointed by the court to testify concerning whether the defendant is currently mentally ill and dangerous or currently mentally ill and gravely disabled, as those terms are defined by IC 16–14–9.1–1. The court may subpoena any other persons with knowledge concerning the issues presented at the hearing. *The defendant has all the rights provided by the section of IC 16–14–9.1 under which the petition against him was filed.* The prosecuting attorney may cross-examine the witnesses and present relevant evidence concerning the issues presented at the hearing." (Our emphasis.)

The record here is not complete but we assume that since this commitment was for a term in excess of a temporary commitment, it was under IND.CODE 16–14–9.1–10, the regular commitment section. The criminal court has jurisdiction to conduct the hearing. IND.CODE 35–5–2–5 (now repealed).

IND.CODE 16–14–9.1–9 provides for a 90 day temporary commitment upon notice, appointment of an examining physician and a hearing. In addition to his right to appear, testify, present evidence, and cross-examine, the respondent has the right:

"(e)(1) To receive adequate notice of the hearing so that he or his attorneys can prepare for the hearing;

(2) To receive a copy of the petition or order;

(3) To be present at the hearing, subject to the court's right to remove him if he is disruptive to the proceedings or the court's right to waive his presence at the hearing if it would be injurious to his mental health or well-being; and

(4) To be represented by counsel.

(f) *The petitioner* or petitioners or the person alleged to be mentally ill *has the right to a change of judge,* but not to a change of venue from the county." (Our emphasis.)

In addition, it is provided in that section:

"If the person is being held according to IC 35–36–2–4, the court retains jurisdiction over the person until the completion of the commitment hearing. Jurisdiction then shall be transferred from the committing court to the court having probate jurisdiction in the county, and all subsequent petitions or motions shall be filed with the court having probate jurisdiction. The file of the commitment hearing also shall be transferred from the committing court to the court having probate jurisdiction."

Subsection (1) which addresses a 90 day extension of the temporary commitment, specifies within that subsection:

"Patient rights and hearing procedures are the same as those provided in Subsection (e) and (f)."

IND.CODE 16–14–9.1–10, after providing for the conversion of a temporary commitment into a regular commitment states:

"(b) Direct proceedings for the regular commitment (without prior temporary commitment) of a person who appears to be suffering from a chronic mental illness which is reasonably expected to require custody, care, or treatment in an appropriate facility for a period ex-

ceeding ninety (90) days, may be initiated by the filing with a court having jurisdiction of a written petition by a health or police officer, a friend, relative, spouse, or guardian of the person, the superintendent of an appropriate facility where the person may be found, or a prosecuting attorney, in accordance with IC 35–36–2–4. The petition must include a physician's written statement which states that: . . . ."

Direct regular commitment procedures are provided:

"(1) He has examined the person within the past thirty (30) days; and

(2) He is of the opinion that the person is mentally ill and either dangerous or gravely disabled and in need of custody, care, or treatment in an appropriate facility for a period expected to exceed ninety (90) days.

(c) Upon receipt of the report or petition, if care and treatment in an appropriate facility for a period expected to exceed ninety (90) days is recommended, the court shall enter an order setting a hearing date. If the patient is currently under commitment, the hearing must be held prior to the expiration of the current commitment period. Notice of hearing must be given to the patient and all other interested persons at least five (5) days prior to the hearing date, excluding Saturdays, Sundays, and legal holidays. *Patient rights and hearing procedures are the same as those provided in section 9[16–14–9.1–9] of this chapter.*" (Our emphasis.)

In addition, annual reviews are provided:

"(e) At least annually, and more often if directed by the court, the superintendent of the appropriate facility or the attending physician shall file with the court a review of the patient's care and treatment, which states:

(1) The mental condition of the patient;

(2) Whether or not he is gravely disabled or dangerous; and

(3) Whether or not the patient needs to remain in the appropriate facility, or whether he may be cared for under a guardianship.

\* \* \* \* \* \*

(f) Upon receipt of the report, the court shall:

(1) Order the patient's continued custody, care, and treatment in the appropriate facility;

(2) Terminate the commitment; or

(3) Conduct a hearing under section 10.5 of this chapter.

The court may, in order to make provision for the patient's continued care, appoint a guardian for the patient.

(g) Upon receiving a copy of the court order, the patient or his representative may request a hearing for review or dismissal of the commitment. *Patient rights and hearing procedures are the same as those provided in section 9 of this chapter.*" (Our emphasis.)

We now recapitulate. The portions of the statute bearing our partial emphasis each provide a hearing at a particular stage of commitment proceedings. These stages are the original temporary commitment, the extension thereof, the regular commitment and the annual review thereof. In the subsections providing for each of the four separate hearings, it is stated that the procedure and the rights conferred in IND. CODE 16–14–9.1–9 shall apply. Of course Subsection (f) of that section confers a right of a change of judge if the respondent so desires, as the original case, Cause Number 1–1084 A 270, so suggested.[4]

■ We must therefore conclude that the reference to patient rights contained in each of the specific subsections providing for a hearing was meant to make those rights applicable to each of those hearings. Since one of the subsection (9) rights is the right to a change of judge and since the

---

**4.** It states "parenthetically, we would observe that IND.CODE 16–14–9.1–10 would allow a change of judge in that the patient is entitled to the same rights at the hearings as set forth in IND.CODE 16–14–9.1–9(b)."

annual review hearing is one of the four hearings to which subsection (9) rights apply, it is clear that Galloway was entitled to a change of judge at his annual review hearing. If, as the State urges, the legislature had intended the right to a change of judge to apply only to the initial commitment hearing, it would have specifically said so.

While we are of the opinion that a change of judge is allowed, the transfer of the case from Circuit Court to Superior Court is to be viewed as a continuation of the same case, and is not comparable to docketing a claim for trial, as Galloway argues.

However, Galloway's rights to a change of judge are governed by T.R. 76, and the next step is to determine if he has complied with its requirements.

IND.CODE 16–14–9.1–10(e) and (f) provide for a summary review of the superintendent's report after which the court may continue the commitment without a hearing. This was done here. Nevertheless, when such occurs, the patient, under Subsection (g), has a right to "request a hearing for review or dismissal of the commitment," and under these proceedings, as opposed to the summary proceedings, he has, as we determined above, a right to a change of judge. We conclude that the filing of the hearing request triggers the time periods and right under T.R. 76. Since no responsive pleading is required for the request, the 30 day time limitation under T.R. 76(3), and not the 10 day time limitation under T.R. 76(2), applies. Subsection (3) of T.R. 76 states:

> "Provided, however, in those cases where no pleading or answer may be required to be filed by the defending party to close the issues (or no responsible pleading is required under a statute), each party shall have thirty (30) days *after* the filing of such case within which to request a change from the judge or the county." (Our emphasis.)

Here, the motion for a change was filed on October 25, after action was concluded on the summary proceedings under IND.

CODE 16–14–9.1–10(e) and (f), but *before* any proceedings were initiated under Subsection (g) which affords the right of a change of judge. The October 25 motion was not directed to Subsection (g) review, or for that matter, to any proceedings in particular. We are of the opinion that a motion for change of judge cannot be filed before the initiation of the proceedings in which such an entitlement exists. Therefore, since the motion was never reviewed, nothing was preserved for review.

This cause is remanded to the trial court and the Honorable William H. Miller is directed to transfer this case to the Superior Court, Probate Division. The cause in all other respects is affirmed.

Judgment affirmed in part and reversed in part.

RATLIFF, P.J., and ROBERTSON, J., concur.