In the Matter of the GUARDIANSHIP OF Pearl C. POSEY, adult incompetent.

Raymond HARKRIDER, Georgia Cory, Betty Rogers and June Nelson, Appellants,

v.

LAFAYETTE BANK AND TRUST COMPANY, Hanna, Gerde & Meade, Ball, Eggleston, Bumbleburg & McBride, Floyd Wilcox, Stuart & Branigin, Ann G. Davis and Vaughan, Vaughan & Layden, Appellees.

No. 1–685A146.

Court of Appeals of Indiana, First District.

Sept. 3, 1986.

Publication Ordered Oct. 6, 1987.

Richard M. Holmes, Covington, for appellants.

Stephen R. Pennell, Jill Miller Theg, Stuart & Branigin, George L. Hanna, Hanna & Gerde, Lafayette, for appellees.

MEMORANDUM DECISION

ROBERTSON, Presiding Judge.

This is an appeal from a guardianship proceeding wherein the trial court terminated the guardianship of the deceased Pearl Posey. The appellant Raymond Harkrider (Harkrider), Pearl's brother, basically challenges all events and orders arising from her guardianship. Appellee Floyd Wilcox (Wilcox) was the guardian of her person and appellee Lafayette Bank & Trust (Bank) was the guardian of the estate.

A narrative of the facts shows that Mr. and Mrs. Floyd Wilcox became neighbors of the Poseys in 1949. Thereafter, both couples became friends by frequently visiting, socializing at least once a week, and sharing expenses and incomes in two farming operations.

Upon her husband's death in 1966, Pearl moved to Stockwell, Indiana. The Wilcoxes visited her there weekly, acted as her attorney-in-fact when asked by Pearl in 1973, and managed her affairs while Pearl underwent surgeries in 1977 and 1978.

After Pearl's first stroke in April 1979, Wilcox continued to assist her by exercising a power of attorney, prepared at the direction of Pearl, who was bedridden but mentally competent. The month after her first stroke, Pearl's brother, Harkrider, came from Chicago and, without her consent, removed papers from her lockbox and later demanded Wilcox relinquish the power of attorney. Pearl reiterated to Wilcox that she wished him to retain the appointment, and on April 16, 1980, had a new will drawn which removed her brother Harkrider, as a beneficiary.

Pearl suffered a second stroke on March 18, 1981, leaving her mentally incompetent as determined by the trial court on July 24, 1981. The court also named Lafayette Bank & Trust (appellee herein) as guardian of Pearl's estate and, on September 9, 1981, named Wilcox as the guardian of her person, rejecting Harkrider's and Purdue National Bank's applications. Pearl died on March 19, 1982.

Harkrider then filed an interlocutory appeal contesting the trial court's orders, but was denied relief on July 20, 1983, by way of memorandum opinion. Harkrider's petitions for rehearing and transfer were denied.

A year later, in September 1984, on Harkrider's motion, the present case was venued from Tippecanoe County to the Fountain Circuit Court. On March 4, 1985, the trial court, after hearing evidence, entered its order terminating the guardianship, approving the guardians' final report and two supplements, and approving various expenses and attorneys' fees for the guardians for work of appellee law firms Hanna, Gerde & Meade and Stuart & Branigan. Harkrider appeals this judgment as well as all prior awards of expenses and attorneys' fees in this case.

Harkrider's motion to correct errors attempts to raise about fifty errors. Although Harkrider has narrowed this down to twelve issues, we have gone further by removing the issues decided in the previous appeal and those errors which are waived pursuant to Appellate Rule 8.3(A)(7), matters which will be detailed towards the end of this opinion. The remaining issues raised by Harkrider can be stated as:

1. Whether the trial court erred in granting petitions for payment of attorney fees, guardian fees, inheritance taxes and expenses of the estate.

2. Whether the trial court erred in ruling against Harkrider on any of the twenty allegations as set out in his fifth issue.

Another issue relating to the law of the case will be combined and discussed with the question addressed to damages relating to a frivolous appeal.

Assuming, without deciding, that Harkrider has standing to contest the trial court's judgment and that the appellee law firms were properly joined as parties by Harkrider on appeal, we address his allegations that the trial court erred in granting petitions for attorney and guardian fees, inheritance taxes and expenses of the estate.

■ IND.CODE 29–1–18–45 clearly permits reasonable compensation for attorney and guardian fees which are discretionary matters for the trial court. *Briggs v. Clinton County Bank & Trust Co.*, (1983) Ind. App., 452 N.E.2d 989, 1010. In the present case, the trial court heard evidence on these matters in hearings for two days wherein attorneys from each firm and the trust officer of the guardian bank, all subject to cross examination by Harkrider, testified on the petitions which detailed the time spent and hourly fees. The trial court also reduced the amount requested in one of the petitions, thus indicating the judge scrutinized the amounts requested. Likewise, Harkrider fails to demonstrate how the trial court erred in its approval of an advance to Wilcox for expenses in the estate, payment of Indiana inheritance taxes, and the transfer of property and cash to the executor of the estate upon the court's termination of the guardianship. We find the trial court's determinations entirely legitimate.

■ We turn next to Harkrider's fifth issue, which contains, as best as we can determine, a litany of some twenty allegations of error. In a not very strict application of A.R. 8.3(A)(7), which requires cogent argument and citation to applicable authorities, we find that only three items appear to qualify as issues. These are:

A. Whether the trial court erred in failing to require the guardian bank to inventory Pearl's mineral interest?

B. Whether the trial court erred in failing to require guardian bank to file [a supplemental or final] inventory?

C. Whether the trial court erred in failing to require guardian bank to ac-

count for income of the guardianship estate after December 24, 1984.

The record shows evidence and records relating to the above matters that: (A) no interest in a "mineral interest", purportedly located in Stephens County, Oklahoma, was ever located, in spite of a search by the Bank; (B) after the filing of the initial inventory, no further assets were found which negated any need for supplemental inventories; and (C) an examination of supplemental reports shows that there was no income generated after December 24, 1984. It is patently clear, in our opinion, that Harkrider has failed to show an abuse of discretion.

■ The previously mentioned appeal was *In the Matter of the Guardianship of Pearl C. Posey, et al. v. Floyd Wilcox, et al.* (1983) Ind.App., 451 N.E.2d 1135. The court on review held: (1) any error in the trial court's selection of guardians was moot due to the death of the ward, Pearl; (2) Wilcox's request for attorneys' fees and the Bank's petition for guardian and attorneys' fees were not yet improper since there was not yet a final accounting, therefore no appealable order; and (3) there was no error in the trial court order allowing attorney fees to Ann G. Davis (guardian ad litem for Pearl) and Davis's withdrawal of appearance from the case. Harkrider's attempt to reargue the issues decided in the previous appeal is void.

The "law of the case" doctrine designates that an appellate court's determination of a legal issue is binding on both the trial court and the Court of Appeals in any subsequent appeal given the same case and substantially the same facts. *Fair Share Organization, Inc. v. Mitnick,* (1964) 245 Ind. 324, 198 N.E.2d 765, *cert. denied* 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48; *State v. Kuespert,* (1981) Ind.App., 425 N.E.2d 229, *trans. denied* (1982); *Hinds v. McNair,* (1980) Ind. App., 413 N.E.2d 586.

*Cha v. Warnick,* (1985) Ind., 476 N.E.2d 109, 114.

In conclusion, we turn to the question of damages pursuant to A.R. 15(G).

■ We observe that Harkrider's appeal is poorly done in a number of respects. Harkrider has filed a two-volume appendix, totaling some 580 pages. While not a flaw of a reversible nature, encumbering the record with needless redundancy is not to be encouraged. Harkrider's brief is deficient in a number of particulars. The brief is not double-spaced as specified in A.R. 8.2(A)(1). The statement of the case portion of the brief does not comply with A.R. 8.3(A)(4) for the reason that there is no verbatim statement of the judgment being appealed from, there are facts which are extraneous to the purpose of this rule, and the contents of the statement are far from being brief. The statement of facts as contemplated by A.R. 8.3(A)(5) is argumentative and conclusory, not in a narrative form, and represents a needless exercise of prolixity. A.R. 8.3(A)(7) defines the requirements of the argument section of the brief. Those authorities cited by Harkrider, in virtually every instance, are too general to be supportive of the purported issues being argued, and the argument lacks a cogency required for definitive appellate review.

Two other factors which evince bad faith, in our opinion, is the absence of a mention of the previous appeal by Harkrider and that the basis of many, if not all, of the issues is improperly founded upon ignoring or omitting facts established in the record or misstatement of existing fact. Additionally, Harkrider's brief "appears to have been written in a manner calculated to require the maximum expenditure of time both by [appellee] and by this court". *See: Briggs, supra.*

When viewed in its totality, Harkrider's appeal appears to be without merit and taken in bad faith. *See: Briggs, supra; Orr v. Turco Manufacturing Co.* (1986) Ind.App., 496 N.E.2d 115. Accordingly, we find that appellees are entitled to attorneys' fees.

The cause is remanded to the trial court for an award of such attorneys' fees as may be determined to be appropriate. The

trial court's judgment is in all other respects affirmed.

RATLIFF and NEAL, JJ., concur.