**Robert L. FRUM, Virginia Frum and Lefty's Coho Landing, Inc., Appellants,**

v.

**LITTLE CALUMET RIVER BASIN DEVELOPMENT COMMISSION, Appellee.**

No. 64A03–8611–CV–312.

Court of Appeals of Indiana, Third District.

April 22, 1987.

---

order entered in an eminent domain proceeding commenced by the Little Calumet River Basin Development Commission. The Commission has moved to dismiss the appeal on the ground that the landowners followed the wrong procedure.[1]

The question we are called upon to answer initially is: What is the correct procedure? The current state of the law does not provide an answer that is altogether clear.

The statute concerning eminent domain proceedings provides in relevant part:

"But if such objections [2] are overruled, the court or judge shall appoint appraisers as provided for in this chapter; and *from such interlocutory order* overruling such objections and appointing appraisers, such defendants, or any of them, may appeal to the supreme court or court of appeals from such decision *as and in the manner that appeals are taken from final judgments* in civil actions, upon filing with the clerk of such court a bond ..., such appeal bond shall be filed within ten [10] days after the appointment of such appraisers.... The *transcript shall be filed* in the office of the clerk of the supreme court *within thirty [30] days after the filing of the appeal bond.* Such appeal shall not stay proceedings in such cause."

IC 32–11–1–5 (our emphasis).

Prior decisions have struggled, however, in their attempts to reconcile the statute with our Rules of Appellate Procedure, especially Appellate Rule 4.

In *J.M. Foster Co., Inc. v. NIPSCO* (1975), 164 Ind.App. 72, 326 N.E.2d 584 our First District determined that an order overruling objections to a condemnation is an interlocutory order and that filing an assignment of errors, rather than a motion to correct errors, was the appropriate manner of raising error on appeal. The court bolstered its analysis by observing that

Thomas W. Webber, Sr., William S. Suarez, Portage, for appellants.

Louis M. Casale, Merrillville, Michael Harris, Chesterton, for appellee.

GARRARD, Presiding Judge.

This appeal was commenced by landowners to challenge an appropriation

---

1. The motion specifically asserts the filing of a motion to correct errors instead of an assignment of errors and the consequent untimeliness of the praecipe, the pre appeal statement and the filing of the transcript. The motion also contends the landowners failed to secure necessary permission from the trial court to appeal such an interlocutory order.

2. The potential objections are enumerated earlier in the section.

otherwise the statutory requirement for filing the transcript would necessitate that the transcript be filed with the Court of Appeals *before* the motion to correct errors was due in the trial court. It is worth noting that the court did not consider any consequent timeliness issue, but only that it could consider issues raised in the assignment of errors that had not been raised in the motion to correct errors. (Appellant had followed both procedures.)

Four years later the same district again considered the appropriate procedure in *Southern Indiana Rural Elec. Coop v. Civil City of Tell City* (1979), 179 Ind.App. 217, 384 N.E.2d 1145. Noting that the statute "in effect creates a hybrid form of appeal, combining elements of interlocutory appeals with elements of appeals from final judgments," 384 N.E.2d at 1150, the court concluded that the statutory procedure was in conflict with and superseded by the provisions of AP 4(B). It then further concluded that such appeals were required to be certified as discretionary appeals pursuant to what was then AP 4(B)(5) and is now AP 4(B)(6).

Although we find no further decisions specifically addressing the proper procedure to perfect such appeals,[3] two subsequent decisions by our Supreme Court must be taken to have impliedly overruled *Southern Indiana.*

In *State ex rel. Bd. of Aviation Comm'rs. v. Kosciusko Co. Sup. Ct.* (1982), Ind., 430 N.E.2d 754 the court denied a writ of mandate and prohibition which was sought upon the basis that to be timely, a demand for jury trial had to be made in an eminent domain case within thirty days of the filing of the initial complaint. In reaching this result the court relied upon the "well settled" interpretation that eminent domain proceedings are *not* civil actions, but are actions of a special character based wholly upon the statute by which they are authorized. 430 N.E.2d 755. That reliance necessarily undercut the court's premise in *Southern*

*Indiana* that the rules of civil procedure had superseded the statute.

The court's decision in *State ex rel. I & M Co. v. Sullivan Cir. Ct.* (1983), Ind., 456 N.E.2d 1019 (Givan C.J. and Pivarnik J. dissenting) is even more forceful. The question presented in that original action was whether the trial court could properly stay and suspend a condemnation order during the appeal of its order denying objections to the taking. Holding that the trial court was without jurisdiction to grant such a stay despite the provisions of TR 62(D) and AP 6(B) the court stated:

> "It is therefore clear that the discretion recognized in the trial court to certify interlocutory orders has no application to appeals from appropriation orders in condemnation cases. Trial courts and appellate courts have no authority to prevent the immediate appeal of condemnation orders. It is likewise clear that the purpose of Ind.R.App.P. 4 is to draw the line between the jurisdiction of this Court and the Court of Appeals. The language in 4(B)(6) that statutes in conflict with the Rule are superseded, refers to conflicts with this general purpose. It does not purport to supersede statutory provisions for immediate appeals in special situations such as the eminent domain statute."

456 N.E.2d at 1021.

The consequence of the decisions, while they must be taken to overrule *Southern Indiana,* is that they essentially return us to the problem posed by the "hybrid" aspects of IC 32–11–1–5. What is the proper method to appeal an order overruling objections to the condemnation itself?

The statute expressly states that an appeal bond shall be filed within ten (10) days after the appointment of appraisers (which the statute contemplates will be done at the time the objections are denied) and that the transcript shall be filed with the clerk of the supreme court within thirty (30) days after the filing of the appeal bond.

---

**3.** *Highland Realty, Inc. v. Indianapolis Airport Authority* (1979), 182 Ind.App. 439, 395 N.E.2d 1259 noted the problem but elected to retain jurisdiction pursuant to AP 4(E) because of overriding public interest.

On the other hand, the statute authorizes the appeal "as and in the manner that appeals are taken from final judgments in civil actions." To the lawyer's mind this might reasonably imply the filing of a TR 59 motion to correct errors and awaiting the ruling upon it before proceeding with the appeal, since that is the manner in which final judgments are appealed in civil actions.

To follow this reasoning would, however, be inconsistent with the express direction for a prompt filing of the transcript, *infra,* and contrary to the legislative purpose found by the court in *I & M* that such appeals should proceed in expedited fashion. 456 N.E.2d at 1019. Accordingly, we believe the legislative reference to "final judgments" contained in the statute was merely intended to denote that such an order was then appealable and the reference to the manner of taking the appeal was intended to invoke the provisions of AP 4 concerning the jurisdiction of the Court of Appeals. (The statute merely specifies that the appeal be taken "to the supreme court or court of appeals.")

We therefore conclude that the appropriate way to proceed with an appeal from the order overruling objections (and appointing appraisers) is as follows:

(1) Within ten (10) days after entry of the order appointing appraisers the party shall file with the trial court an acceptable appeal bond;

(2) Within thirty (30) days after the filing of the appeal bond the record of the proceedings (transcript) shall be filed with the Clerk of the Supreme Court and Court of Appeals (unless an extension of such time is properly secured from the court to which the appeal is taken);

(3) The transcript should be accompanied with an assignment of errors specifying the errors relied upon. AP 7.2(A)(1)(b). A TR 59 motion to correct errors is inappropriate.

(4) Thereafter the rules of appellate procedure applicable to interlocutory appeals apply concerning briefing deadlines, etc.

 Admittedly, the landowners in this case did not comply with this procedure. Indeed the record demonstrates confusion on their part and an attempt to comply in the event a motion to correct errors was necessary or in the event it was not.

We find that the uncertainty and understandable confusion existing as to the appropriate procedure to be employed in perfecting an appeal from the court's order overruling the objections constitutes a sufficiently extraordinary circumstance that this court should invoke its inherent discretionary power to entertain the appeal. *Lugar v. State ex rel. Lee* (1978), 270 Ind. 45, 383 N.E.2d 287; *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12.

The motion to dismiss is denied.

HOFFMAN and STATON, JJ., concur.