CNA INSURANCE COMPANIES
(CNA) Appellant–Plaintiff,

v.

Frank A. VELLUCCI, Midland Engineering Company, Margaret M. Saunders and Aladean M. Derose, Co–Administratices of the Estate of Richard Saunders Appellees–Defendants.

No. 57A05–9103–CV–85.

Court of Appeals of Indiana,
Fifth District.

July 21, 1992.

Rehearing Denied Aug. 27, 1992.

Thomas A. Reed, Peterson & Ross, Chicago, Ill., Don Blackmond, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, for appellant-plaintiff.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, Thomas D. Blackburn, Sweeney, Pfeifer & Blackburn, Ft. Wayne, for appellees-defendants.

SHARPNACK, Judge.

Transportation Insurance Company ("CNA") appeals from the grant of summary judgment in favor of Frank A. Vellucci, Midland Engineering Company, Margaret M. Saunders and Aladean M. Derose (the latter two as administratrices of the Estate of Richard Saunders) (collectively "the Estate") in a declaratory judgment action filed by CNA. We dismiss the appeal for want of jurisdiction.

The following is a brief procedural history. On January 17, 1986, Richard Saunders was killed while riding as a passenger in a truck owned by Midland and driven by Vellucci. The truck was insured under a policy issued by CNA. Saunders' estate filed a wrongful death action against Vellucci in St. Joseph Superior Court and, on

February 17, 1988, Saunders' estate received a judgment against Vellucci in the amount of $1,750,000. Approximately one month before the wrongful death trial, CNA filed a declaratory judgment action against the Estate seeking a declaration that the insurance policy did not cover the accident. The Estate filed an answer, affirmative defenses, and counterclaims.

On January 29, 1990, the Estate filed a motion for summary judgment alleging that CNA was collaterally estopped by the wrongful death proceeding from asserting that the accident fell within the policy's "fellow-servant" exclusion. The trial court granted the Estate's motion for summary judgment on July 27 with an order accompanied by findings of fact. The findings of fact included the following relevant statement:

> "The Court further concludes that there is no just reason for delay and concludes that a judgment should be entered at this time as to the Complaint for Declaratory Judgment, but reserves as an issue for trial the Counterclaims filed by the Defendant Estate and Defendant Vellucci against CNA."

(Record, p. 1268.) In addition, the "Judgment" portion of the order included the following language:

> "IT IS FURTHER ORDERED AND ADJUDGED BY THE COURT that there is no just reason for delay and a Declaratory Judgment should be entered at this time.
>
> IT IS FURTHER ORDERED AND ADJUDGED BY THE COURT that Declaratory judgment be, and hereby is, entered for the Defendant Estate...."

(Record, p. 1269.)

On August 20, CNA filed a motion requesting the trial court to enter a final judgment pursuant to Trial Rules 54(B) and 56(C). The trial court granted that motion on August 24. CNA filed a motion to correct error on September 24, and the Estate responded with a motion to strike on the basis that CNA had not timely filed its motion to correct error. On November 26, following a hearing, the trial court denied both the motion to correct error and the Estate's motion to strike. CNA filed its praecipe on December 21. On March 18, 1991, the Estate filed with this court a motion to dismiss the appeal based upon a lack of jurisdiction, arguing that CNA had not timely filed its praecipe. We denied that motion by order dated July 25, 1991. The Estate again raised the issue of our jurisdiction in a cross-appeal.

■ Upon reconsideration, we hold that we do not have jurisdiction to entertain CNA's appeal. CNA disputes our ability to reconsider the question of our jurisdiction, contending that we are bound by our July 25, 1991, order under the doctrine of the law of the case. However, that doctrine does not prohibit an appellate court from reconsidering its ruling on a motion when raised again in the same appeal. Even the cases cited by CNA, *Matter of Guardianship of Posey* (1986), Ind.App., 513 N.E.2d 674 *cert. denied,* (1988), 485 U.S. 988, 108 S.Ct. 1292, 99 L.Ed.2d 502 and *Galloway v. State* (1985), Ind.App., 485 N.E.2d 637, describe the doctrine in terms of matters once decided on appeal being binding on the appellate court in a *subsequent* appeal. Furthermore, because we could change our decision pursuant to a petition for rehearing, it would make no sense to refuse to do so at an earlier stage before we have expended further resources.

Turning to the substance of the jurisdictional question, the timing requirements contained in Ind. Appellate Rule 2(A) and Ind. Trial Rule 59(C) control this case. Ind. Appellate Rule 2(A) states, in relevant part:

> "[T]he praecipe ... shall be filed within thirty (30) days after the entry of a final judgment or an appealable final order or, if a motion to correct error is filed, within thirty days after the court's ruling on such motion.... Unless the praecipe is filed within such time period, the right to appeal will be forfeited."

The relevant portion of T.R. 59 provides:

> "(C) **Time for Filing: Service on Judge.** The motion to correct error, if any, shall be filed not later than thirty [30] days after the entry of a final judgment or an appealable final order."

CNA did not file its appeal within thirty days of the trial court's order of summary judgment, regardless of whether we look to the July 27 order or the August 24 order. However, CNA did file its praecipe within thirty days of the trial court's ruling on the motion to correct error. Therefore, we must decide whether CNA timely filed its motion to correct error, because, if it did not, the trial court's ruling on that motion was a nullity and cannot be used to extend the time for filing a praecipe. *Swain v. Swain* (1991), Ind.App., 565 N.E.2d 1134, 1135; *Kratkoczki v. Regan* (1978), 178 Ind. App. 184, 381 N.E.2d 1077, 1079.

■ We conclude that, because the trial court entered an appealable order on July 27, 1990, CNA's motion to correct error was not timely filed. Such a conclusion is mandated by the clear language of our trial rules. Trial Rule 56(C) provides, in relevant part:

"[A] summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory *unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.*" (emphasis added)

Rule 54(B), in relevant part, provides:

"When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.... *A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment;* but in other cases a

judgment, decision or order as to less than all the claims and parties is not final." (emphasis added)

The time for filing either a motion to correct error or a praecipe begins with the entry of an appealable order under T.R. 54(B) or T.R. 56(C). *See Lawson v. Howmet Aluminum Corp.* (1983), Ind.App., 449 N.E.2d 1172, 1176–1177.

Here, both the "Findings of Fact" and "Judgment" sections of the July 27 order find no just reason for delay and order entry of judgment upon less than all of the issues. The order unambiguously complied with T.R. 56(C) and T.R. 54(B) and therefore triggered the thirty day time limit to file either a praecipe or a motion to correct error.

■ CNA contends that, even if its motion to correct error was not timely filed under the rules, we have discretion to consider the merits of its appeal due to its reliance on the trial court's August 24 order. However, the relevant law indicates that, except in a narrow range of extraordinary circumstances, the mandatory language of T.R. 59(C) and App.R. 2(A) leaves us with no discretion to mitigate potentially harsh applications of the rules. There is a distinction between jurisdictional and non-jurisdictional requirements under the appellate rules. The court has discretion to proceed to the merits in the latter case, but no discretion in the former, except in certain extreme circumstances. Timely filing of a praecipe is a jurisdictional prerequisite, and, therefore, noncompliance with applicable time limits results in forfeiture of the appeal. *Dixon v. State* (1991), Ind.App., 566 N.E.2d 594; *Hughes v. Morgan County* (1983), Ind.App., 452 N.E.2d 447; *Bailey v. Sullivan* (1982), Ind.App., 432 N.E.2d 75.

We find the case of *In re Estate of Moore* (1973), 155 Ind.App. 92, 291 N.E.2d 566 (per curiam) to be particularly germane to the situation before us. In *Moore*, the appellant did not file its praecipe until more than thirty days after the trial court overruled the motion to correct error. The trial court entered a nunc pro tunc order directing the record to be corrected to show the praecipe filed on an earlier date, the date

appellant had orally requested preparation of the transcript and praecipe. *Id.* at 568. The trial court explained that its staff customarily undertook the preparation of material for appeals, including the praecipe. *Id.* The court of appeals, however, applied the strict language of App.R. 2(A) and found that the rule provided for no exceptions. *Id.* at 569. The court held that the appellant had forfeited its right to appeal and that the trial court's nunc pro tunc order could not reinstate that right. *Id.* The circumstances in this case are no more compelling than were the circumstances in *Moore.* Reliance on the trial court's custom in *Moore* did not excuse the failure to timely file a praecipe. Likewise, CNA's alleged reliance on the trial court's August 24 order does not excuse its failure to timely file a praecipe in this case.

 As noted above, there are certain narrowly defined exceptions to the strict application of our jurisdictional timing requirements. A doctrine exists which holds that the supreme court and the court of appeals have the inherent power to entertain an appeal after the time allowed for appeal has expired. *Lugar v. State ex. rel. Lee* (1978), 270 Ind. 45, 46, 383 N.E.2d 287, 289. *White v. Livengood* (1979), 181 Ind. App. 56, 60, 390 N.E.2d 696, 699. However, we will only exercise such power "in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist." *Lugar,* 383 N.E.2d at 289. The circumstances in this case do not approach the extremes which have invoked the doctrine in prior cases. *See Lugar,* 383 N.E.2d at 289 (case involving millions of public dollars and the police pension fund as well as counsel who was serving as legislator while preparing appellant's brief); *Frum v. Little Calumet River Basin Development Commission* (1987), Ind.App., 506 N.E.2d 492, 494 (appeal from order overruling objections in an eminent domain proceeding where court found that, although landowners followed improper procedure resulting in failure to timely file their praecipe, prior case law had obfuscated procedure to be followed in such cases).

In addition, the court in *White v. Livengood* (1979), 181 Ind.App. 56, 390 N.E.2d 696 stated that the court of appeals will not exercise its inherent power to entertain untimely appeals in order to relieve a party of its own negligence, such as the failure to properly calculate time limits. 181 Ind. App., at 59, 390 N.E.2d at 699. Similarly, CNA's praecipe was untimely due to the failure of its attorneys to comprehend the clear import of the July 27 order under Trial Rules 54(B) and 56(C).

We are not persuaded by CNA's reliance upon *Eady v. Foerder* (7th Cir.1967), 381 F.2d 980. In that case, the appellate court affirmed a district court's grant of a motion for new trial which the petitioner filed 18 days after the time allowed by FED. R.CIV.P. 59(B). Despite the mandatory language of the federal rules, which set a ten-day time limit and prohibited any extension of time, the *Eady* court held that the petitioner's reliance upon the trial court's order granting him additional time constituted a unique circumstance such that the trial court had jurisdiction to address the motion for new trial. *Id.* at 981. Here, the trial court did not purport to extend the time limitations, it merely entered a repetitive order at CNA's request. Furthermore, this court did not find improper reliance upon a trial court's customary practice to be sufficient to alleviate the operation of App.R. 2(A). *Moore, supra* 155 Ind.App. at 97, 291 N.E.2d at 569. To the extent *Moore* and *Eady* conflict, we follow *Moore.* Finally, the continued vitality of *Eady* has been called into question. *Varhol v. National R.R. Passenger Corp.* (7th Cir.1990), 909 F.2d 1557 (per curiam).

For the reasons herein contained, we dismiss CNA's appeal.

APPEAL DISMISSED.

BARTEAU, J., concurs.

RUCKER, J., dissents with opinion.

RUCKER, Judge, dissenting.

I respectfully dissent. In my view, two significant procedural events occurred after the trial court's judgment of July 27, 1990, which require us to hear the merits

of this appeal. First, on August 20, 1990, seven days before the thirty-day time limit to file a praecipe or motion to correct errors had run, CNA filed with the trial court a Motion for Final Judgment. Second, on August 24, 1990, the trial court entered an order dictating in pertinent part:

> The court having examined said Motion and being duly advised now finds that there is no just reason to delay in making the summary judgment of date of July 27, 1990 *final* and does *now direct the entry of final judgment* upon the summary judgment in favor of Margaret M. Saunders and Aladean M. DeRose, Co-Administratices of the Estate of Richard Saunders, deceased, and against CNA Insurance Companies of date of July 27, 1990. So Ordered, Adjudged and Decreed *this 24th day of August, 1990. Judgment.*

*Record* at 1,280 (emphasis added). CNA filed its Motion To Correct Error thirty days thereafter on September 24, 1990. CNA then filed its praecipe within thirty days after the trial court denied CNA's Motion To Correct Error.

The majority essentially disregards the trial court's order of August 24, finding instead that pursuant to Ind.Trial Rule 54(B) and 56(C), the trial court's Special Findings of Fact and Conclusions of Law and Judgment entered on July 27, 1990, was a final order and as such, the order from which the time limits in this case should be calculated. The majority reasons that because the July 27 order expressly determined there was no just reason for delay and directed entry of judgment, CNA's Motion to Correct Error was untimely filed and that this court has no jurisdiction over this appeal. I cannot agree.

Although the July 27 order appears to comply with the provisions of T.R. 54(B) and 56(C), the August 24 order is much more explicit as to finality and removes any doubt the entry is one of final judgment. The trial court's August 24 order determined there was "no just reason for delay" and expressly directed entry of "final judgment." *Record* at 1280. In con-

trast, the July 27 order does not include the terms "final" or "final judgment" in the portions of the order entering judgment. *Record* at 1268–69.

Apparently the trial court concluded that its order of July 27 was not final and therefore upon motion by CNA, the trial court entered an unambiguous final judgment on August 24. In my opinion, CNA's Motion To Correct Error was timely filed and this appeal should not be dismissed for want of jurisdiction.

## II.

Even if the August 24 order is a nullity and thus CNA's Motion to Correct Error and praecipe were untimely filed, this court should nonetheless exercise its discretionary authority and proceed to the merits of this appeal.

The majority contends that *In re Estate of Moore* (1973), 155 Ind.App. 92, 291 N.E.2d 566, is "particularly germane to the situation before us." *Op.* at 928. However, a closer look at *Moore* reveals it is easily distinguishable from the facts in the case before us. *Moore* addressed a situation where the appellant had filed a written praecipe after the thirty-day time limit had run under App.R. 2(A). Because the untimely praecipe forfeited appellant's right to appeal, the trial court changed the record to reflect that the appellant had filed a praecipe twenty-seven days earlier than actually filed. The practical effect of the trial court's *nunc pro tunc* entry was to reinstate the appellant's right to appeal notwithstanding appellant's untimely filing of the praecipe. The Second District of this court dismissed the appeal for failure to timely file a praecipe. *Moore*, 291 N.E.2d at 569 (Sullivan, J., dissenting).

Here, CNA's Motion For Final Judgment was filed seven days before the 30–day time limit had run under App.R. 2(A) or 56(C). Thus, the trial court in this case, unlike the trial court in *Moore* was not reinstating appellant's right to appeal. To the contrary, CNA had not forfeited its right to appeal when it presented its motion to the trial court. Nor, had CNA forfeited its right to appeal when the trial court

entered its order of August 24. If, on August 24, the trial court had simply denied CNA's request for final judgment, then CNA would have had until August 27 to file its praecipe or motion to correct errors. In addition, I think it important to note that CNA's praecipe consists of one short paragraph requesting the pleadings and transcript. *Record* at 1–2. Absent the trial court's August 24 ruling it would not be unreasonable to assume CNA would have filed the praecipe in a timely manner with respect to the July 27 order.

Further, in *Moore* the trial court, through a *nunc pro tunc* entry, changed the record in order to rectify a procedural error. The effect of the trial court's action was to enlarge the appellant's time for filing a timely praecipe. In the case before us, the trial court did not change the record in an attempt to rectify a procedural error. Rather, in response to CNA's Motion for Final Judgment, the trial court entered an order expressly declaring final judgment be entered. The record before us does not suggest the trial court was attempting to enlarge CNA's time to file an appeal.

In essence, *Moore* does not control the outcome of the case before us. Rather, as the majority acknowledges, Indiana courts have consistently recognized equitable restraints to the strict adherence of jurisdictional time requirements. *See Lugar v. State* (1978), 270 Ind. 45, 383 N.E.2d 287 (reviewing court granted appellant's procedurally deficient motion for extension of time to file brief); *Soft Water Utilities, Inc. v. Le Fevre* (1973), 261 Ind. 260, 301 N.E.2d 745 (reviewing court treated appeal on the merits despite appellant's failure to file praecipe within 30 days as mandated by Ind.App. Rule 2(B)); *Frum v. Little Calumet River Basin Dev. Comm'n* (1987), Ind. App., 506 N.E.2d 492, *reh. denied*, (reviewing court invoked its discretionary power to entertain appeal on the merits in view of understandable confusion as to appropriate appellate procedure and landowners' attempt to comply with proper procedure); *First Nat. Bank v. Coling* (1981), Ind.App., 419 N.E.2d 1326 (no error when trial court, after overruling plaintiff's motion to correct error, granted plaintiff's T.R. 60(B)(1)

motion for relief from judgment, thus enlarging plaintiff's time to file appeal); *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12 (reviewing court invoked its inherent power to grant time to perfect an appeal and denied motion to dismiss despite appellant's failure to timely file record).

The majority concludes that this appeal does not constitute one of the "rare and exceptional cases" which would permit us to proceed on the merits despite an untimely filing. *Op.* at 929, I disagree.

In *Soft Water, supra*, our supreme court indicated:

> Certainly, the orderly procedure of our judicial system calls for adherence to the rules designed to achieve that goal. But we should never ignore the plain fact that the consequence of strict adherence to the rules may occasionally defeat rather than promote the ends of justice.... Such is not the desired effect of our flexible rules of procedure.

*Soft Water*, 261 Ind. at 269, 301 N.E.2d at 750. In my opinion, the case before us presents more compelling reasons to address the merits of this appeal than many of the cases which have traditionally prompted our courts to deviate from strict adherence to the rules.

For example, in *Lugar, supra*, our supreme court held that because the matter before it was of great public importance, involved millions of public dollars and pension benefits, and because the appellants' attorney was serving on the legislature at the same time he was writing the brief, provided reason enough to "not so strictly adhere to procedural rules...." *Lugar*, 383 N.E.2d at 289. Notwithstanding an untimely filing, our supreme court proceeded to the merits of the appeal.

The case before us involves substantial issues of law concerning the propriety of a declaratory judgment order which binds CNA to a judgment in an amount of at least $500,000.00. The record of proceedings consists of seven volumes and is over one thousand seven hundred pages in length. This court heard persuasive oral arguments on the merits of this appeal and

the parties to this action have filed extensive briefs which also address the merits of this action. These facts, combined with CNA's reliance on the trial court's August 24 order of final judgment, qualify as extraordinary circumstances which justify this court exercising its inherent power to entertain this appeal even after the time for appeal has expired. *See Lugar, supra.*

*Soft Water, supra,* represents another example of this court's exercise of its discretionary authority to hear an appeal on its merits despite the appellant's failure to comply with jurisdictional time constraints. In *Soft Water,* the trial court clerk advised an appellant's counsel that his motion to correct errors had not been received by the court when, in fact, the trial judge had already ruled on the motion. By the time counsel had discovered that the motion had been overruled, the applicable time for prosecuting an appeal had expired. The trial court in *Soft Water* changed his ruling on the appellant's motion to correct errors from July 10, 1972 to August 14, 1972, thus enlarging appellant's time to file its praecipe. Our supreme court treated the appeal on its merits.

Here, CNA's reliance on the trial court's order of August 24 is analogous to the appellant in *Soft Water* relying on the misinformation from the court clerk. Moreover, in this case CNA's reliance was based on the trial court's entry of a final judgment rather than erroneous information from the court's administrative staff. Like the appellant in *Soft Water,* CNA should not be penalized for its good faith reliance on the trial court.

In *Frum, supra,* this court held that the "understandable confusion" resulting from different procedural requisites found under the statute addressing eminent domain proceedings and the rules of appellate procedure justified discretionary enforcement of the procedural rules. This court entertained the merits of the appeal notwithstanding appellant's failure to timely file an assignment of errors in an appeal from an appropriation order in eminent domain proceedings. In the case before us there was also understandable confusion, namely: the trial court's entry of judgment on July 27, which is arguably a final judgment, and the entry of judgment on August 24, which is clearly a final judgment.

I am mindful of the majority's concern that flexibility in trial rules should not be invoked to relieve a party of its attorney's negligence. *White v. Livengood* (1979), 181 Ind.App. 56, 390 N.E.2d 696. However, nothing in the case before us persuades me that CNA's counsel was negligent. We are not presented here with a situation involving a party missing a filing deadline and then attempting to reinitiate an appeal or seeking additional time to file an appeal. To the contrary, CNA approached the trial court with a Motion For Final Judgment a full seven days before a motion to correct errors would be due under T.R. 59(C) or the praecipe would be due under App.R. 2(A). CNA could just as easily have filed its one paragraph praecipe. Even after the trial court's entry of final judgment on August 24, CNA had three days to file a praecipe or a motion to correct error. Instead, CNA acted reasonably and understandably when it filed its Motion to Correct Error within 30 days of the August 24 order of judgment. In my opinion the case before is a proper one for this court to invoke the flexibility of the rules.

The majority's dismissal of CNA's appeal unduly narrows the scope of this court's power to exercise its discretionary authority. To disregard the substantive legal arguments before this court defeats rather than promotes the ends of justice.

For the above reasons, I dissent.