**Rex JENNINGS, Appellant–Defendant,**

**v.**

**Pamela S. DAVIS, Appellee–Plaintiff.**

**No. 35A05–9311–CV–419.**

Court of Appeals of Indiana,
Fifth District.

May 31, 1994.

P. Robert Dawalt, Jr., Marion, for appellant.

BARTEAU, Judge.

Rex Jennings appeals the judgment of the trial court in favor of Pamela Davis on Davis's complaint for partition. We must dismiss the appeal because Jennings did not file his praecipe in a timely manner.

Indiana Appellate Rule 2(A) states: "The praecipe shall be filed within thirty (30) days after entry of a final judgment.... Unless the praecipe is filed within such time period, the right to an appeal will be forfeited." Timely filing of a praecipe is a jurisdictional prerequisite and when the praecipe has not been timely filed we must dismiss the appeal. *CNA Ins. Companies v. Vellucci* (1992), Ind.App., 596 N.E.2d 926, 928, *trans. denied.* Here, the trial court entered the final judgment on August 16, 1993. Jennings filed his praecipe on September 16, 1993, thirty-one (31) days after the entry of the final judgment. Thus, the praecipe was not timely filed and the appeal must be dismissed.

DISMISSED.

FRIEDLANDER, J., concurs.

RUCKER, J., dissents with opinion.

RUCKER, Judge, dissenting.

I respectfully dissent. There is no question that ample case authority exists supporting the notion that the timely filing of a praecipe is a jurisdictional prerequisite to an appeal. *See, e.g., Dixon v. State* (1991), Ind. App., 566 N.E.2d 594, *trans. denied; Hughes v. Morgan County* (1983), Ind.App., 452 N.E.2d 447; *Bailey v. Sullivan* (1982), Ind. App., 432 N.E.2d 75. However, if this were actually the state of the law, then the late filing of a praecipe would automatically preclude appellate review in every instance. Clearly that is not the case. Rather, this court has not hesitated to invoke its inherent discretionary authority to entertain an appeal even though the time allowed therefore has expired. To be sure we have invoked this authority only after intoning the mantra "this court will exercise such discretion only in rare and exceptional cases." *See, e.g., CNA Ins. Cos. v. Vellucci* (1992), Ind.App., 596 N.E.2d 926, 929, *trans. denied; Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12, 16. However, either the timely filing of a praecipe is a jurisdictional prerequisite to an appeal or it is not. If it were truly jurisdictional, then further explanation would be unnecessary. The late filing of a praecipe would mean this court had no authority to entertain an appeal and that would end the discussion.

The very fact that we have carved out exceptions suggests that the timely filing of a praecipe is not a jurisdictional matter. Rather, whether or not to entertain the merits of an untimely appeal is a matter left solely to the discretion of this court. It should not be otherwise. As our Supreme Court observed in *American States Ins. Co. v. State ex rel. Jennings* (1972), 258 Ind. 637, 640, 283 N.E.2d 529, 531:

> Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means.

In the case at hand appellant was merely one day late in filing his praecipe. The Record of Proceedings and Brief of Appellant were timely filed thereafter. I also observe that the appellee did not file a brief. Invoking a procedural rule in this case defeats rather than promotes the ends of justice. We would prejudice no one by entertaining the merits of this appeal.

Therefore I dissent.