**Roy Thomas MORAN, Appellant (Defendant Below),**

v.

**Stephen COOK, Appellee (Plaintiff Below).**

No. 29A04–9405–CV–176.

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1994.

W. Russell Sipes, Laudig George Rutherford & Sipes, Indianapolis, for appellant.

Stephen W. Cook, Cook & Byers, Noblesville, for appellee.

**OPINION**

RATLIFF, Senior Judge.

*STATEMENT OF THE CASE*

Roy Thomas Moran appeals the trial court's denial of his motion to correct errors. We dismiss.

*ISSUE*

Is dismissal required for lack of jurisdiction because appellate rules of procedure were not observed?

*FACTS*

After a bench trial, the trial court entered judgment on April 13, 1993. Moran timely filed a motion to correct error, which was granted in part and denied in part. Moran filed a second motion to correct errors on October 26, 1993. R. at 3 and 50–53. The court issued an order denying that motion on January 11, 1994. R. at 3 and 54. Moran then filed a praecipe on February 9, 1994. R. at 3 and 64.

*DISCUSSION AND DECISION*

Our trial rules contain a provision creating an "automatic denial" of certain motions to correct error. George T. Patton, Jr., *1992*

*Developments in Indiana Appellate Proce-dure: Of Timely Praecipes, Interlocutory Appeals, and Civility*, 26 Ind.L.Rev. 799, 801 (1993). Specifically, Ind. Trial Rule 53.3(A) declares:

> "In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard or forty-five (45) days after it was filed, if no hearing is required, the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error is deemed denied."

As we explained in 1991, the current rule contains no requirement for action by a party but is "self-activating upon the passage of the requisite number of days." *State v. Eaton* (1991), Ind.App., 581 N.E.2d 956, 960. In other words, "[i]f a judge does not rule on a motion to correct error within the prescribed limit of Ind. Trial Rule 53.3, the motion is deemed denied by operation of law." *Jackson v. Paris* (1992), Ind.App., 598 N.E.2d 1106, 1107. Forty-five days after Moran filed his second motion to correct errors—on December 10, 1993—the motion was deemed denied because the motion had been neither set for hearing nor ruled on during that forty-five day period.[1] After December 10th, the trial court's power to rule on the motion "was extinguished;" therefore, its subsequent ruling was "a nullity." *Id.*

Since the second motion to correct errors was deemed denied on December 10, 1993, Moran was required to file a praecipe thirty days hence—on or before January 10, 1993,[2] —in order to perfect an appeal. *See* Ind. Appellate Rule 2(A) and T.R. 53.1(A). When a praecipe is not filed within the thirty-day period prescribed, the right to appeal is forfeited. App.R. 2(A). *See, also CNA Ins. Companies v. Vellucci* (1992), Ind.App., 596

---

1. While exceptions to the time limitations for ruling on a motion to correct error exist, the record does not indicate that any of the exceptions apply.

2. The thirtieth day fell on Sunday, January 9, making the praecipe due on January 10. *See*

N.E.2d 926, 928. Moran filed his praecipe sixty-one days after his motion to correct errors was deemed denied. "Thus, the praecipe was not timely filed and the appeal must be dismissed." *Jennings v. Davis* (1994), Ind.App., 634 N.E.2d 810.

Dismissed.

CHEZEM and RILEY, JJ., concur.

Ind. Appellate Rule 13 (when the prescribed period ends on a Sunday, the period is extended until the end of the next day not a Saturday, Sunday, legal holiday, or day on which the clerk's office is closed).