## BECK *v.* STATE OF INDIANA.

[No. 30,001. Filed December 9, 1960. Rehearing denied January 26, 1961.]

*Barrie C. Tremper*, of Fort Wayne, for appellant.

*Edwin K. Steers*, Attorney General, and *Richard C. Johnson*, Deputy Attorney General, for appellee.

ARTERBURN, J.—The State of Indiana, by the Attorney General, has filed a motion to dismiss this appeal, or in the alternative, that the judgment be affirmed on the ground that the amended motion for a new trial was filed too late to present any alleged error set forth therein. The record shows that the appellant was found guilty by the trial court and its finding and decision was rendered on April 21, 1960; that on May 2nd the appellant filed a motion for a new trial on the general ground:

"a.  Newly discovered evidence; and
"b.  The finding and judgment are contrary to law and not sustained by sufficient evidence."

Thereafter a pleading entitled "Amended Motion for a New Trial" was filed on May 25, 1960 on the ground:

"a. The verdict is contrary to law and not sustained by evidence; and

"b. The appellant was inadequately represented by counsel."

Appellant filed his brief and an examination reveals that the only question urged is that the appellant was inadequately represented by counsel (as specified in the "Amended Motion for a New Trial"). No citations, authorities or statutes are presented therein in support of the argument in accordance with Rule 2-17 of this court.

Burns' §9-1903 provides in part:

"The motion for a new trial and the causes therefor shall be in writing and must be filed within thirty [30] days from the date of the verdict or finding; . . ." (Our italics.)

The "Amended Motion for a New Trial" upon which the sole alleged error is predicated was not filed within the time fixed by the statute. *Murley, Conklin* v. *State* (1960), 240 Ind. 655, 168 N. E. 2d 205.

The sole assignment of errors is the overruling of appellant's motion for a new trial.

Appellant contends that a belated motion for a new trial may be entertained. No showing is made in that respect and we do not have such a question presented to us in this case. *Sutton* v. *State* (1960), 240 Ind. 512, 166 N. E. 2d 651; *Blanton* v. *State* (1955), 234 Ind. 142, 124 N. E. 2d 382.

Pursuant to *Anderson* v. *State* (1950), 228 Ind. 491, 93 N. E. 2d 201, the judgment is affirmed.

Bobbitt, C. J., and Landis, Achor and Jackson, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 661.