Virgil H. WHITE, Appellant
(Defendant Below),

v.

Mary Elizabeth White LIVENGOOD, Appellee (Plaintiff Below).

No. 2–178A10.

Court of Appeals of Indiana,
Second District.

June 18, 1979.

---

1. No appeal was perfected from the custody modification decree.

James H. Grund, Grund & Grund, Peru, for appellant.

Richard M. Rhodes, Peru, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Virgil H. White (White) attempts an appeal from a judg-ment which awarded Plaintiff-appellee Mary Elizabeth White Livengood (Livengood) damages for failure to properly distribute marital property (claiming insufficiency of the evidence), but failed to file a timely or an adequate Motion to Correct Errors.

We affirm.

## FACTS

On January 4, 1973, White and Livengood were granted a final decree of divorce in the Miami Circuit Court. Livengood was awarded certain personal property located in the home in which White was residing.[1]

However, Livengood found the personal property she was awarded in White's residence inexplicably missing; and following his failure to turn over her share of the crop receipts, Livengood filed suit to recover these items.

Following the presentation of evidence, the court made the following judgment:

Parties appear in person and plaintiff by counsel. Evidence heard. The Court finds for the plaintiff in the amount of $6,000.00 together with interest at eight percent (8%) from January 4, 1973; costs to defendant.

White appeared pro se at trial, and did not retain counsel for an appeal until the fifty-eighth (58th) day after judgment. Counsel filed a Motion to Correct Errors, and requested permission to file a second Motion to Correct Errors at a later time.

His timely filed Motion to Correct Errors, unaccompanied by a supporting memorandum, read as follows:

1. Insufficient evidence was adduced at trial to support the Court's award of damages herein.

1. IT IS FURTHER ORDERED that the plaintiff is awarded one-half of the growing crops and that the defendant is awarded one-half of the growing crops and that the defendant is further ordered to harvest said crops and deliver said crops to an elevator in Miami County, Indiana, or adjoining counties, for sale, and that the gross receipts less any liens and indebtedness of record, from the sale of said crops are to be divided equally between the parties and that the defendant shall cause said elevator to pay over one-half of the gross receipts, less payment of lien indebtedness of record specifically upon the crops, received from the harvesting and sale of said crops to the plaintiff, and the defendant is ordered to make a good faith effort to harvest said crops, practicing good husbandry practices, within a reasonable time.

2. Damages awarded the Plaintiff were excessive and not supported by the evidence.

3. The Court failed to allow lawful and proper set-offs against the Plaintiff's claim in accordance with evidence introduced at trial.

White's second Motion to Correct Errors, filed nearly ninety days after judgment contained a more detailed listing and discussion of errors supposedly committed at trial. Following denial of those motions, White brings this appeal.

### ISSUE

Because of our decision in this case, we need only reach one issue:

Has White perfected an appeal in this case?

### DECISION

CONCLUSION—White's first Motion to Correct Errors was timely filed but failed to raise any errors, and his second Motion to Correct Errors was not timely filed.

White would have us consider his second Motion to Correct Errors filed nearly ninety days after judgment. But Indiana Rules of Trial Procedure, TR. 6(B) prevent any such consideration:

When an act is required or allowed to be done at or within a specified time by these rules, the court may at any time for cause shown

(1) order the period enlarged, with or without motion or notice, if request therefor is made before the expiration of the period originally prescribed or extended by a previous order; or

(2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but, the *court may not extend the time* for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), *to correct errors under Rule 59(C)*, or to obtain relief from final judgment under Rule 60(B), except to the extent and un-

der the provisions stated in those rules. (Emphasis supplied)

And TR. 59(C) reads: "A Motion to Correct Errors shall be filed not later than sixty (60) days after the entry of judgment."

White argues that the ban against extending the time for filing a Motion to Correct Errors in (B)(2) only applies to motions for enlargement filed after expiration of the specified period, an interpretation which ignores the punctuation of TR. 6(B).

■ In construing a statutory phrase it is proper and pertinent to examine such things as punctuation. See generally, 2 *Sands*, Sutherland Statutory Construction § 47.15 (4th ed.), and the structure of the statute as a whole. *Sutherland, supra* § 46.05. *See City of Indianapolis v. Ingram* (1978), Ind.App., 377 N.E.2d 877.

■ TR. 6(B) is a single sentence, divided into three distinct parts by semi-colons. Thus, we construe the ban on extensions of time found in the sentence's final phrase to equally modify *both* of the preceding phrases. Had the intent been otherwise, such a meaning could have easily been demonstrated by dividing 6(B) into two sentences. However, as that was not done, it is our interpretation that enlargement is not permitted for a Motion to Correct Errors, whether timely filed or not.

Such a construction is consistent with the views expressed by Professor Harvey in 1 Harvey, Indiana Practice, § 6.4 (1969):

Rule 6(B) states that under certain rules the time period can not be extended, and this is true even if the request to extend the time is made within the prescribed period. Thus there are express and absolute exceptions to Rule 6, which are as follows:

.　　.　　.　　.　　.

3) Rule 59(C)—Motion to Correct Errors—This motion must be made not later than 60 days after entry of judgment.

What White really seeks is the right to a belated appeal. In *Lugar v. State ex rel. Lee* (1978), Ind., 383 N.E.2d 287, the Su-

preme Court held that this court has the inherent power to entertain an appeal although jurisdictional time limits have expired. *Constanzi v. Ryan* (1977), Ind.App., 368 N.E.2d 12. However, this Court will exercise such discretion "only in rare and exceptional cases, such as in matters of great public interest, or where extraordinary circumstances exist." *Constanzi, supra.* Thus, incorrect notice by the clerk of the date of a ruling on the Motion to Correct Errors excused the late filing of a praecipe in *Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745, and the late filing of a transcript in *Goodwill v. Goodwill* (1978), Ind.App., 382 N.E.2d 720. *Lugar, supra,* permitted the late filing of a brief because appellant's counsel had burdensome responsibilities as a state legislator.

██ However, this Court will not use that power to relieve a party from the consequences of his own negligence . . such as failure to calculate the time limits correctly. *Tourkow v. Hoover* (1952), 122 Ind.App. 676, 108 N.E.2d 195. Accordingly, we find nothing in this record to indicate anything other than neglect on White's part in pursuit of this appeal. Apparently his counsel hired at the end of the period within which a Motion to Correct Errors could be filed, did his best to preserve his client's rights. However, we have no alternative other than to disregard the errors raised in the second Motion to Correct Errors and confine our attention to the first Motion to Correct Errors. *See Beck v. State* (1961), 241 Ind. 237, 170 N.E.2d 661; *Sutton v. State* (1960), 240 Ind. 512, 166 N.E.2d 651; *Lines v. Browning* (1973), 156 Ind.App. 185, 295 N.E.2d 853; *Matthew v. Gavit* (1966), 138 Ind.App. 425, 214 N.E.2d 404.

██ Examining the first Motion to Correct Errors we can only conclude that it did not raise any errors for our consideration.

TR. 59(B) and 59(G) read as follows:

(B) A motion to correct error shall state the issues upon which error is claimed, but the issues are not required to be stated under or in the language of the reasons allowed by these rules, by statute or by other law. The statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based.

(G) In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion.

In *Bennett v. State* (1973), 159 Ind.App. 59, 304 N.E.2d 827, this court considered the failure of an appellant to specify errors in his Motion to Correct Errors:

The requirement of specificity of the facts and grounds upon which errors are based has been often stated in recent case law: *Spivey v. State* (1971), Ind., 274 N.E.2d 227; *Matthew v. State* (1972) Ind. Ct.App., 289 N.E.2d 336; *Weingart v. State* (1973), Ind.Ct.App., 301 N.E.2d 222 . . . . .

While the motion to correct errors serves as the complaint on appeal, its primary purpose is to afford the trial court the opportunity to rectify errors it has committed. *Bud Gates, Inc. v. Jackson* (1970), 147 Ind.App. 123, 258 N.E.2d 691. Without being informed by a specific statement of the facts and grounds on which the claimed error is based, the trial judge cannot rectify his errors, if any. Were it otherwise, an appellant could propel himself into this or the Supreme Court by general statements of claimed errors, detailed at leisure after his motion to correct errors is overruled. Such a gigantic bootstrap by an appellant is precisely what the rules of appellate procedure are designed to avoid.

Thus, in *LaFary v. State Farm Mutual Automobile Ins. Co.* (1975), Ind.App., 335 N.E.2d 242, this court held that no issue was preserved when the appellant raised the issues similar to those stated by White in the first Motion to Correct Errors:

(1) That the judgments herein are not supported by the evidence.

(2) That the judgments are contrary to law.

No issue was preserved in *In the Matter of the Big Racoon Conservancy District* (1977), Ind.App., 363 N.E.2d 1004, by this specification:

> "The Court erred in its findings that the Board of Directors of the Big Racoon Conservancy District has taken no significant steps to implement the District Plan. Such finding is not supported by sufficient evidence and is contrary to law."

The first two purported errors in the first Motion to Correct Errors, as in *Bennett, supra*, are merely a recitation of the kinds of errors set out in TR. 59(A), and the purported third error fails in any way to explain what should have been allowed as a set-off.

These "errors" are so general as to be meaningless for purposes of appeal, which is not surprising in view of the late hour at which counsel was employed.

Affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring:

I concur in result. In doing so, I do not address the majority's treatment of the untimely second Motion to Correct Errors. Rather, I rest my opinion upon the conclusion that the original and timely Motion to Correct Errors clearly and adequately sets forth alleged errors argued by White upon his appeal. That Motion is set forth verbatim in the majority opinion.

Short of presenting his entire appellate argument in the Motion to Correct Errors, I am unable to see what more White could have alleged in order to call the trial court's attention to the fact that he felt the damage award to be not supported by sufficient evidence. I believe that the Motion clearly and concisely presents that assertion of error.

The allegation of error with respect to the refusal of the court to allow and consider claimed set-offs is, in my view, minimally sufficient to permit appellate review.

These two alleged errors were preserved below and are before us on appeal. The issue should have been addressed.

My independent examination and consideration of these issues, however, convinces me that White's appeal is without merit. It is for this reason that I vote to affirm the judgment of the trial court.