**Robert E. GOODMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 53A05–9107–CR–222.

Court of Appeals of Indiana,
Fifth District.

Nov. 25, 1991.

Geoffrey M. Grodner, Peggy L. Bibbs, Mallor Grodner & Bohrer, Bloomington, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Robert Goodman appeals his convictions for child molesting, a class B and a class C felony, respectively. He raises two issues on appeal. However, because we must dismiss the appeal for failure to file a timely motion to correct error, we do not address his issues.

Goodman was sentenced on December 20, 1990. On January 17, 1991, Goodman's counsel filed a motion for extension of time to file his motion to correct error. The trial court granted the motion up to and including March 17, 1991. Goodman's motion to correct errors was filed on March 14, 1991.

When a motion to correct error is used, it must be filed not later than thirty (30) days after sentencing. Ind.Criminal Rule 16(B). Thus, Goodman's motion to correct error

was due on January 21, 1991. Goodman's motion for extension of time is ineffective to extend the time for filing his motion to correct. Ind.Trial Rule 6(B) states that "the court may not extend the time for taking any action ... to correct errors under Rule 59(C), ... except to the extent and under the provisions stated in those rules." T.R. 59(C) applies to motions to correct error in criminal cases. C.R. 16(B). T.R. 59(C) does not provide for an extension of time to file a motion to correct error.

The court did not have the authority to grant Goodman an extension of time to file his motion to correct error, even though the motion for extension was filed before January 21, 1991. *See White v. Livengood,* (1979), 181 Ind.App. 56, 390 N.E.2d 696. Accordingly, we are constrained to hold that Goodman did not file a timely motion to correct error and we must dismiss the appeal. We note that the proper course for Goodman to follow is to seek the right to file a belated motion to correct error pursuant to Ind.Post Conviction Rule 2.

DISMISSED.

RUCKER and STATON, JJ., concur.