**Martha Susan WAAS, Appellant–Plaintiff,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Appellee–Defendant.**

**No. 49A02–9906–CV–411.**

Court of Appeals of Indiana.

Jan. 21, 2000.

Rehearing Denied March 13, 2000.

Lee C. Christie, Indianapolis, Indiana, Attorney for Appellant.

Harvey E. McDonald, Indianapolis, Indiana, Attorney for Appellee.

**OPINION**

HOFFMAN, Senior Judge

Plaintiff–Appellant ·Martha Susan Waas ("Waas") appeals the trial court's judgment in favor of Defendant–Appellee Illinois Farmers Insurance Company ("Illinois Farmers"). We dismiss.

The following issue is dispositive: whether Waas's failure to timely file her motion to correct error should result in dismissal of this appeal.

In January, 1995, Waas was involved in a motor vehicle collision with Patrick Minderhout ("Minderhout"), who was driving a truck owned by Burlington Motor Carriers, Inc. ("Burlington"). Waas filed a complaint for damages naming Minderhout and Burlington as parties. Waas subsequently discovered that Minderhout was uninsured and that the self-insured Burlington had filed for bankruptcy after the collision.

Waas filed a motion for declaratory judgment asking the trial court to rule that the uninsured/underinsured motorist provision of her insurance policy with Illinois Farmers applied to provide compensation for her injuries. The trial court entered judgment in favor of Illinois Farmers on January 13, 1999. After requesting and securing an expansion of time to question the court's judgment, Waas filed a "Motion to Reconsider" on March 10, 1999. Waas's motion was denied by the trial court on May 19, 1999, and Waas now attempts to appeal the trial court's judgment.

■ Initially we note that after it has handed down a final judgment in a particular case, a trial court lacks jurisdiction to rule on a motion to reconsider. *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind.Ct. App.1998). After final judgment has been entered, the issuing court retains only "such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule." *Id.* (*citing* Ind.Trial Rule 53.4). The proper vehicle

for reconsideration of a final judgment is a motion to correct error, which may be made on either a party's or the court's motion. *Id.* Accordingly, "although substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error." *Id.*

A motion to correct error must be filed no later than thirty days after the entry of judgment. Ind.Trial Rule 59(C). Here, the judgment was entered on January 13, 1999 and Waas's motion to correct error should have been filed well before March 10, 1999. Furthermore, Waas's motion for enlargement of time was ineffective to extend the time for filing her motion to correct error. *See Goodman v. State*, 581 N.E.2d 1259, 1260 (Ind.Ct.App. 1991) (applying the civil trial rules to a criminal case); *White v. Livengood*, 181 Ind.App. 56, 390 N.E.2d 696, 698 (Ind.Ct. App.1979). Ind.Trial Rule 6(B) states that "the court may not extend the time for taking any action ... to correct errors under Rule 59(C) [and other rules] ... except to the extent and under the provisions stated in those rules." T.R. 59(C) does not provide for an extension of time to file a motion to correct error.

The trial court did not have the authority to grant Waas an extension of time to file her motion to correct error. *See Goodman, id.; White, id.* Accordingly Waas's filing of her motion to correct error, filed over fifty days after entry of judgment, was not timely. We are therefore constrained to dismiss this appeal. *Id.*

Appeal dismissed.

KIRSCH, J., and NAJAM, J., concur.