JPMORGAN CHASE BANK, N.A.,
Appellant–Defendant,

v.

Laura BROWN and Dennis Brown,
c/o Green, Richard & Trent,
Appellees–Plaintiffs,

and

Rebecca Recht, Appellee–Defendant.

No. 02A03–0801–CV–2.

Court of Appeals of Indiana.

May 20, 2008.

Christine M. Stach, Jonathon R. Albright, Rothberg Logan & Warsco LLP, Fort Wayne, IN, Attorneys for Appellant.

## OPINION

BAKER, Chief Judge.

The parties' arguments require us to interpret Indiana Code section 28–9–4–2. Specifically, we must determine whether a depository financial institution that has received notice of garnishment proceedings pursuant to Indiana Code section 28–9–3–4(d) is required to restrict withdrawal of funds that are subsequently deposited into the account.

Appellant-garnishee-defendant JPMorgan Chase Bank (JPMorgan) appeals the small claims court's order finding it in contempt and entering judgment of $1,045.99 in favor of appellees-plaintiffs Laura Brown, Dennis Brown, and Green, Richard & Trent (the Collection Agency) (collectively, the appellees). Specifically, JPMorgan argues that the trial court erroneously found it to be in contempt because, pursuant to the applicable provisions of the Indiana Financial Institutions Adverse Claims Act (the Act),[1] JPMorgan was only required to restrict withdrawal of funds in an amount equal to the balance of appellee-defendant Rebecca Recht's account at the time JPMorgan received notice of the garnishment proceedings.

In light of the amendment the legislature made to Indiana Code section 28–9–4–2 in 1998, we conclude that JPMorgan was only required to restrict withdrawal of funds in an amount equal to the balance of Recht's account at the time it received notice. Thus, we reverse the small claims court's decision to hold JPMorgan in contempt for failing to restrict withdrawal of funds that were subsequently deposited into Recht's account.

## FACTS

Recht was a tenant on the Browns' property. The Browns filed a claim against Recht on June 30, 2000, seeking past-due rent and damages and requesting that Recht be evicted from the property. The small claims court entered a default judgment in favor of the Browns on September 19, 2000, ordering Recht to pay $1,415 plus court costs. The Browns subsequently assigned the claim to the Collection Agency.

On February 22, 2007, the Collection Agency filed a verified motion on behalf of the Browns for proceedings supplemental against Recht, naming JPMorgan as the garnishee-defendant and asserting that JPMorgan "has or will have in its possession one or more deposit accounts ... in which [Recht] will have an interest." Appellant's App. p. 16. The Collection Agency listed the amount of costs and interest

---

1. Ind.Code §§ 28–9–1–1 *et seq.*

it was seeking on behalf of the Browns to be $2,188.01.

In its answers to interrogatories on March 5, 2007, JPMorgan confirmed that Recht maintained a checking account with JPMorgan that had a balance of $20.61 and that it had immediately restricted withdrawal of those funds from Recht's account. Subsequently, four deposits totaling $1,004.77 were made to the account—$80.77 on March 7, $308.00 on March 9, $308.00 on March 23, and $308.00 on April 6. On April 17, 2007, the small claims court entered a garnishment order against JPMorgan, ordering it to "pay over to the Clerk of this Court an amount not to exceed [$2,200.99] from [Reich's] account of deposit as maintained by [JPMorgan]." [2] *Id.* at 20.

On June 28, 2007, the appellees filed a motion to hold JPMorgan in contempt for failing "to honor orders of the court for non compliance of Proceedings Supplemental . . . and or [the] Garnishment Order." *Id.* at 22. The small claims court held a hearing on December 6, 2007, and ordered a judgment against JPMorgan for $1,045.99—the balance of Recht's account on March 5 in addition to the total amount of the four deposits made to the account between March 7 and April 6, 2007.[3] In reaching that conclusion, the small claims court found:

2. Judge DeGroote signed the garnishment order.

3. These five amounts total $1,025.38, which the trial court noted in its order. Appellant's App. p. 10. However, the small claims court entered judgment against JPMorgan for $1,045.99. While the small claims court did not specify how it reached the higher amount, JPMorgan does not challenge the arithmetic.

4. The contempt order is only signed by Magistrate Cook. As a general rule, a magistrate may not enter a final appealable order unless sitting as a judge pro tempore or a special

3. The evidence presented at trial shows that [JPMorgan] failed to fully comply with the Proceedings Supplemental and the subsequent Garnishment Order. The Court Order was clear in that [JPMorgan] was to restrict the deposit accounts of [Recht] up to the amount of the judgment. . . . The Order further stated that "If you are not served with a valid Court Order directing otherwise, this restriction shall expire 90 days after it is placed on the account." [JPMorgan] failed to restrict the funds until it received the Garnishment Order dated August 5th and mailed [it] August 17, 2007.

4. [Recht's] account information shows that [she] had a $20.61 balance on March 5, 2007. Subsequently[, she made deposits of $1,004.77 from March 7 to April 6, 2007. JPMorgan] was responsible to have withheld that amount and pay it to the Clerk of this Court when it received the Garnishment Order. [JPMorgan] failed to do so.

5. [JPMorgan] failed to comply with the Garnishment Order issued in this case.

Judgment for [the appellees] and against [JPMorgan] in the amount of $1,045.99.

Appellant's App. p. 9.[4] JPMorgan now appeals.

judge. Ind.Code § 33–23–5–8; *see also* I.C. § 33–23–5–9 (providing that in civil proceedings, a magistrate shall report findings following an evidentiary hearing or trial and the court shall enter the final order). There is no evidence in the record here that Magistrate Cook was sitting as a judge pro tempore or a special judge. Allen County, however, has explicitly provided magistrates with the authority to enter a final order or judgment in any proceeding involving small claims and protective orders to prevent domestic or family violence. Ind.Code § 33–33–2–14(g). In the most recent legislative session, the General Assembly removed this statutory provision.

## DISCUSSION AND DECISION

JPMorgan emphasizes that when it received notice of the proceedings, the balance of Recht's checking account was $20.61. It contends that pursuant to the Act, it "was only required to restrict withdrawals from Recht's account up to that amount." Appellant's Br. p. 5. Thus, JPMorgan argues that the small claims court erred when it found it to be in contempt for not restricting withdrawal from funds subsequently deposited into Recht's account.

■ Before addressing JPMorgan's arguments, we note that the appellees failed to submit a brief. When appellees fail to submit a brief, we need not undertake the burden of developing an argument for them. *Cox v. Cantrell*, 866 N.E.2d 798, 810 (Ind.Ct.App.2007), *trans. denied.* We apply a less stringent standard of review and may reverse the trial court's decision if the appellant establishes prima facie error. *Id.*

■ Civil contempt is failing to do something a court in a civil action has ordered to be done for the benefit of an opposing party. *Aaron v. Scott*, 851 N.E.2d 309, 314 (Ind.Ct.App.2006), *trans. denied.* A party who has been injured or damaged by the failure of another to conform to or comply with a court order may seek a finding of contempt. *Id.* Punishment or refusal to punish for contempt is generally a matter within the trial court's discretion. *Id.*

■ The Act is designed to "protect[ ] financial institutions from liability stemming from controversies arising out of competing claims for deposited funds." *Porter Dev., LLC v. First Nat'l Bank of Valparaiso*, 866 N.E.2d 775, 779 (Ind.

2007). Because the relationship between a bank and its depositor is one of a debtor and a creditor, the Act protects the bank from claims of its depositor that could arise if the bank, in compliance with the Act, fails to follow its depositor's instructions. *Hendricks County Bank & Trust Co. v. Guthrie Bldg. Materials, Inc.*, 663 N.E.2d 1180, 1184 (Ind.Ct.App.1996).

The Act provides that a depository financial institution typically does not have to place a hold on or otherwise restrict withdrawal of funds from a deposit account, except as specified in sections 3 and 4 of the chapter. I.C. § 28–9–3–1. Section 4 delineates the meticulous steps an adverse claimant must take to trigger a financial institution's obligation to place withdrawal restrictions on a deposit account. I.C. § 28–9–3–4(d).

■ JPMorgan does not argue that the appellees did not comply with Indiana Code section 28–9–3–4, triggering its duty to restrict withdrawal of funds from Recht's account. Instead, JPMorgan asserts that it was only required to restrict withdrawal of the balance of Recht's account at the time it received the notice and, contrary to the small claims court's order, it had no obligation to restrict withdrawal of funds subsequently deposited into the account.

As support for its argument, JPMorgan directs our attention to Indiana Code section 28–9–4–2, which provides, in part:

(a) Upon receipt from an adverse claimant who is a money judgment creditor of the documents and process required under I.C. 28–9–3–4(d), a depository financial institution shall:

*See* 2008 Ind. Legis. Serv. P.L. 127–2008. Inasmuch as the amendment does not take effect until July 1, 2008, however, the con-

tempt order is appealable even though it was entered by a magistrate in a small claims proceeding.

* * *

(2) within a commercially reasonable time after receiving the documents and process, *restrict withdrawal of funds in the deposit account identified in the documents* and process in an amount equal to the lesser of:

(A) the unpaid amount of the judgment specified by the documents and process; or

(B) *the balance in the account at the time of receipt of the documents and process . . . .*

(Emphases added).

A prior version of Indiana Code section 28–9–4–2 aids JPMorgan's argument. Before legislative amendments in 1998, the statute provided that "a depository financial institution shall . . . within a commercially reasonable time after receiving the documents and process, restrict withdrawal of funds in, *or subsequently deposited into,* the deposit account identified in the documents . . . ." Appellant's Add. p. 7 (emphasis added). However, when the legislature amended the statute, it deleted the words "or subsequently deposited into" from the statutory language. 1998 Ind. Legis. Serv. P.L. 89–1998.

When interpreting statutes, our goal is to determine and give effect to the intent of the legislature in promulgating it. *Porter Development,* 866 N.E.2d at 778. Our Supreme Court has provided that "[a] fundamental rule of statutory construction is that an amendment changing a prior statute indicates a legislative intention that the meaning of the statute has changed." *United Nat'l Ins. Co. v. DePrizio,* 705

N.E.2d 455, 460 (Ind.1999). We will not simply reread language into a statute that the legislature has deleted. *Joe v. Lebow,* 670 N.E.2d 9, 19 (Ind.Ct.App.1996).

▇ In light of the legislature's amendment to Indiana Code section 28–9–4–2, we agree with JPMorgan that the statute only required it to restrict withdrawal of the balance in Recht's account at the time it received the documents and process required by Indiana Code section 28–9–3–4(d). The legislature's decision to omit the words "or subsequently deposited into" from Indiana Code section 28–9–4–2 is irrefutable and, as required by the rules of statutory construction, we will not reinsert the omitted language into the statute when construing the statute. Thus, we agree with JPMorgan that the trial court erred by finding it in contempt for failing to restrict withdrawal of funds that were subsequently deposited into Recht's account. Consequently, we reverse the judgment of the small claims court with regard to the contempt order.[5]

The judgment of the small claims court is reversed.

RILEY, J., and ROBB, J., concur.

---

5. JPMorgan also argues that the small claims court's garnishment order "did not comply with the Act and is ineffective." Appellant's Br. p. 12. However, a "garnishment order entered in proceedings supplemental to execution directing [a] third-party garnishee-defendant to make payment to judgment-plaintiff [is a] final judgment." *Hudson v. Tyson,* 178 Ind.App. 376, 383, 383 N.E.2d 66, 72 (Ind.Ct.App.1978). Because JPMorgan did not initiate an appeal within thirty days of the garnishment order pursuant to Indiana Appellate Rule 9, we will not address its argument.