**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**MARK R. WENZEL**
**LIBBY Y. GOODNIGHT**
Krieg DeVault, LLP
Indianapolis, Indiana

**PATRICK A. BRENNAN**
Krieg DeVault, LLP
Schererville, Indiana

ATTORNEY FOR APPELLEES:

**DANIEL ZAMUDIO**
Zamudio Law Professionals, PC
Griffith, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITIZENS FINANCIAL BANK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1208-PL-411 |
| | ) | |
| RICHARD COOPER and PEGGY COOPER, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Gerald N. Svetanoff, Judge
Cause No. 45D04-1106-PL-62

**March 14, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Citizens Financial Bank ("Citizens") appeals the trial court's grant of a motion for garnishment order filed by Richard and Peggy Cooper. We affirm.

## Issue

Citizens raises one issue, which we restate as whether the trial court properly granted the Coopers' request for a garnishment order.

## Facts

In July 2011, the Coopers filed a complaint against Charles Gluth and Son Roofers, Inc. ("Gluth"). An agreed judgment was entered in March 2012 in favor of the Coopers and against Gluth in the amount of $85,062.38. In April 2012, the Coopers filed a motion for proceedings supplemental and requested that Citizens "be summoned and ordered to appear and answer concerning said non-exempt property or answer the Interrogatories attached hereto . . . ." App. p. 12. The trial court ordered Citizens to answer the interrogatories or "appear in this Court in person" on July 18, 2012 "to answer as to any non-exempt property, income or profits owned by, held for or owing to the judgment defendant, and subject to execution or proceedings supplemental . . . ." Id. at 22. Citizens responded to the interrogatories and, in particular, answered as follows:

> 4. If the answer to Interrogatory No. 3 above is in the affirmative, state the account number and balance for each account held in favor of the judgment defendant:
>
> ANSWER:
>
> Checking Account #XXX5162 (the "Checking Account") contained a balance of $6,608.06 immediately prior to any deduction of the garnishment fee specified in Ind.

2

Code § 28-9-4-3(b) and the Bank's exercise of its right of setoff under certain loan documents and applicable law. The Bank's valid, perfected, first-priority security interests in and rights to set off against the funds held in the Checking Account are superior to any claims of any other creditor against the judgment debtor.

Certificate of Deposit # XXX3696 (the "Certificate of Deposit") contained a balance of $39,587.21 immediately prior to any deduction of the garnishment fee specified in Ind. Code § 28-9-4-3(b) and the bank's exercise of its right of setoff under certain loan documents and applicable law. All of the funds held in the Certificate of Deposit, together with all interest and any other amounts earned or accrued thereon, is pledged as collateral in favor of the Bank to secure obligations of the judgment debtor related to, among other things, a certain Irrevocable Standby Letter of Credit, and the Bank's valid, perfected, first-priority security interests in and rights to set off against the funds held in the Certificate of Deposit are superior to any claims of any other creditor against the judgment debtor.

Id. at 26.

Citizens did not appear at the July 18, 2012 hearing on the proceedings supplemental. On that same day, the trial court found that the sums held by Citizens were "subject to execution" and ordered Citizens to pay $46,195.27 to be applied toward satisfaction of the judgment. Id. at 9. On July 26, 2012, Citizens filed a motion to reconsider. Citizens argued in part that it held a valid, perfected, first-priority security interest in and set-off rights against the funds. Citizens also alleged for the first time that Richard Cooper had personally guaranteed payment to Citizens of $225,000 owed to Citizens by Gluth and that "pursuant to the terms of the guaranty agreement . . . Richard Cooper subordinated his claims against Gluth to Citizen's claims." Id. at 30. Citizens

3

attached a copy of the guaranty to its motion to reconsider. Citizens' motion to reconsider was deemed denied. Citizens filed a notice of appeal on August 16, 2012.

On August 17, 2012, Citizens filed a motion to stay enforcement and execution of the judgment. The notice of completion of clerk's record was filed on August 21, 2012. On August 24, 2012, the trial court partially granted the motion for a stay, and Citizens deposited $46,499.02 with the clerk of the court pending this appeal. Citizens now appeals.

**Analysis**

Citizens argues that the trial court erred when it granted the Coopers' request for a garnishment order. "Proceedings supplemental are designed as a remedy where a party fails to pay a money judgment." Fifth Third Bank v. Peoples Nat. Bank, 929 N.E.2d 210, 214 (Ind. Ct. App. 2010). The proceedings are merely a continuation of the underlying claim, initiated under the same cause number for the sole purpose of enforcing a judgment. Id. These proceedings serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment. Id. Trial courts have broad discretion in conducting proceedings supplemental. Id. We will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained. Id. "We will affirm the trial court's judgment on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom." Id.

4

(quoting Prime Mortg. USA, Inc. v. Nichols, 885 N.E.2d 628, 668-69 (Ind. Ct. App. 2008)).

A garnishment proceeding is a means by which a judgment creditor seeks to reach property of a judgment debtor in the hands of a third person, so that the property may be applied in satisfaction of the judgment. Id. A judgment creditor acquires an equitable lien on funds owed by a third party to the judgment debtor from the time the third party receives service of process in proceedings supplemental. Id. A judgment creditor has the burden of proving that funds are available for garnishment. Commercial Credit Counseling Services, Inc. v. W.W. Grainger, Inc., 840 N.E.2d 843, 847 (Ind. Ct. App. 2006). Once a creditor has made a prima facia showing, the garnishee must demonstrate a countervailing interest in the property or assert defenses to the garnishment. Id.

Citizens argues that its interrogatory answers were sufficient to demonstrate that it had a security interest in Gluth's accounts and was entitled to a set off. Indiana recognizes a right of depositary banks to "set-off" any amounts owed to them with funds from their indebted depositors' accounts after receipt of notice of garnishment proceedings. Fifth Third Bank, 929 N.E.2d at 214. A bank, however, may waive its right to a set-off. Farmers State Bank of Mentone, Inc. v. U.S., I.R.S., 22 F. Supp. 2d 892, 895 (N.D. Ind. 1998).

The Coopers argue that Citizens' interrogatory responses were inadequate and that Citizens did not provide "conclusive evidence as to its rights to the money." Appellee's Br. p. 7. The Coopers point out that Citizens did not produce any documents to support

5

its assertion that it had a security interest in the accounts. Further, Citizens did not produce any evidence as to the value of its security interest.

We encountered a similar situation in Commercial Credit Counseling Services, Inc. v. W.W. Grainger, Inc., 840 N.E.2d 843, 847 (Ind. Ct. App. 2006). There, Commercial Credit Counseling Services ("CCCS") was served with interrogatories in two separate proceedings supplemental. In both cases, it submitted late interrogatory responses and failed to appear at the proceedings supplemental hearings. The trial court granted both garnishment orders, but CCCS failed to cooperate. At a consolidated rule to show cause hearing, the trial court found that CCCS did not have a valid security interest in the assets of either judgment defendant and was in contempt of the garnishment orders.

On appeal, we noted that "CCCS did not submit evidence establishing the existence and attachment of authenticated security agreements in either of the judgment defendants' assets." Id. at 848. With regard to one of the judgment defendants, we noted that CCCS's garnishment interrogatory responses were entered into evidence, but the responses "did not allege the existence of a security interest, or include relevant supporting documentation, without which CCCS did not demonstrate a countervailing interest or defense to garnishment." Id. With regard to the other judgment defendant, CCCS submitted a "largely illegible security agreement" and an "unsigned blank exemplar agreement." Id. at 849. However, CCCS did not attempt to authenticate these documents. We concluded that CCCS did not "establish a security agreement" with the second judgment defendant. Id. In both cases, CCCS "failed to prove a countervailing interest or defense to the garnishment of funds transferred to it." Id.

6

Similarly, here, although Citizens asserted in its interrogatory response that it had a "valid, perfected, first-priority security interest" in Gluth's accounts, Citizens submitted no loan agreements or documents authorizing setoff or granting a security interest. App. p. 26. Citizens did not appear at the hearing to present evidence on its defense to the garnishment and did not present any evidence as to the value of its security interest. Under these circumstances, we cannot say that the trial court abused its discretion when it granted the Coopers' request for a garnishment order. See, e.g., Allstate Ins. Co. v. Morrison, 146 Ind. App. 497, 511, 256 N.E.2d 918, 927 (1970) (holding, based on a prior version of the garnishment statutes, that "If the garnishee . . . denies its indebtedness it has the right under our garnishment statute to appear and show it is not indebted to the judgment debtor. [Garnishee] had the right to appear and present its defense of cancellation rather than merely rest on its answers to interrogatories. It obviously chose not to do so.").

Citizens also raises issues regarding the denial of its motion to reconsider.[1] In the motion to reconsider, Citizens argued for the first time that Richard Cooper had personally guaranteed payment to Citizens of $225,000 owed to Citizens by Gluth "pursuant to the terms of the guaranty agreement . . . Richard Cooper subordinated his

---

[1] The Coopers argue that Citizens appealed only the grant of the garnishment order and that the denial of the motion to reconsider is not before us. The Coopers also filed a motion to strike the motion to reconsider from the Appendix. We note that the clerk's record includes the CCS and "all papers, pleadings, documents, orders, judgments, and other materials filed in the trial court . . . or listed in the CCS." Ind. Appellate Rule 2(E). Citizens properly placed the motion to reconsider in its Appendix and presented arguments regarding the motion in its briefs, and we have denied the motion in a separate order. Thus, we will consider the arguments on appeal.

7

claims against Gluth to Citizen's claims." App. p. 30. Citizens attached a copy of the guaranty to its motion to reconsider.

A garnishment order entered in proceedings supplemental to execution directing a third-party garnishee-defendant to make payment to judgment-plaintiff is a final judgment. JPMorgan Chase Bank, N.A. v. Brown, 886 N.E.2d 617, 621 n.5 (Ind. Ct. App. 2008). "The proper vehicle for reconsideration of a final judgment is a motion to correct error, which may be made on either a party's or the court's motion." Waas v. Illinois Farmers Ins. Co., 722 N.E.2d 861, 862-63 (Ind. Ct. App. 2000). Accordingly, "although substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error." Id. at 863. "It is well established that a party may not raise issues for the first time in a motion to correct error." Shepherd Properties Co. v. Int'l Union of Painters & Allied Trades, Dist. Council 91, 972 N.E.2d 845, 849 (Ind. 2012).

Although Citizens described its motion as a motion to reconsider, it was in effect a motion to correct error. As such, Citizens was not entitled to present a new issue—the personal guaranty. The trial court did not err by denying the motion.[2]

## Conclusion

Citizens has failed to demonstrate that the trial court erred by granting the motion for garnishment or by denying its motion to reconsider. We affirm.

---

[2] We express no opinion, however, as to whether Citizens could, in further proceedings in this action or another action, enforce its alleged personal guaranty.

8

Affirmed.

BAKER, J., and RILEY, J., concur.