FILED

Mar 17 2016, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Nathaniel Lee
Cari L. Sheehan
Lee & Fairman, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Daniel P. Bowman
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Toni Ball,

*Appellant-Plaintiff,*

v.

Clifton Jones,

*Appellee-Defendant.*

March 17, 2016

Court of Appeals Case No.
49A02-1504-CT-210

Appeal from the Marion Superior
Court

The Honorable Heather A. Welch,
Judge

Trial Court Cause No.
49D01-1201-CT-2492

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Toni Ball (Ball), appeals the trial court's summary judgment holding, as a matter of law, that Detective Clifton Jones (Detective Jones) was immune from personal liability under the Indiana Tort Claims Act.

We affirm.

## ISSUE

Ball raises two issues on appeal, which we consolidate and restate as: Whether the trial court erred in concluding that, as a matter of law, Detective Jones acted within the course and scope of his employment as a police officer.

## FACTS AND PROCEDURAL HISTORY

Between March 2009 and October 12, 2010, the Indianapolis Metropolitan Police Department's Strategic Narcotics Section, the ATF/Achilles Unit, and the Indiana State Police Drug Enforcement Section conducted a multi-agency, long-term narcotics and gang investigation into an organization known as the 'Detroit Boys.' Detective Jones was one of the narcotics detectives assigned to the investigation. The Detroit Boys are known as "an armed narcotics trafficking organization" that distributes "large quantities of cocaine and heroin" in the Indianapolis area, and is "believed to be responsible for committing acts of violence." (Appellee's App. p. 43). The officers initially relied on traditional investigative methods to gather surveillance on the

organization. Once these methods were exhausted, the officers obtained a wiretap on September 7, 2010.

[5] Based on his training and experience, Detective Jones concluded that the Detroit Boys utilized "a sophisticated system to traffic narcotics." (Appellee's App. p. 43). Specifically, the investigation revealed that the Detroit Boys sold narcotics through a telephone system, where drug buyers called a phone number, used a code word, and then were directed "to one of the distribution houses." (Appellee's App. p. 43). Detective Jones determined that Ball "participated or was referenced in more than thirteen (13) intercepted and pertinent telephone calls with members of the Detroit Boys." (Appellee's App. p. 43). Detective Jones, along with an assisting detective, also believed they personally witnessed Ball travel to, enter, and exit the distribution houses after making telephone calls to the Detroit Boys. As a result of this investigation, Detective Jones filed an affidavit for probable cause on December 15, 2010, after which the State filed an Information charging Ball with two Class B felony drug charges. On January 13, 2011, the State dismissed all charges against Ball when it was determined that Ball was not the individual who was alleged to have committed the crimes.

[6] On January 20, 2012, Ball filed a Complaint with the United States District Court for the Southern District of Indiana, alleging that the State of Indiana, the Indiana State Police, the City of Indianapolis, the Indianapolis Metropolitan Police Department (IMPD), and Detective Jones violated her rights under the Fourth Amendment of the United States Constitution and the

Indiana Constitution, and that they committed various torts, including fraud, perjury, official misconduct, and conspiracy to commit perjury. With respect to Detective Jones, Ball claimed that because he "was acting within the course and scope of his employment/authority as a Detective of the IMPD for the City," the City was vicariously liable for Detective Jones' actions. (Appellee's App. p. 69). On April 23, 2012, the City, IMPD, and Detective Jones moved for a partial judgment on the pleadings as to all of Ball's claims under state law because Ball had failed to file a timely notice of tort claim, as required by the Indiana Tort Claims Act (ITCA). On March 25, 2013, the district court granted the motion in its entirety, leaving only Ball's Fourth Amendment claims. *See Ball v. City of Indianapolis*, 2013 WL 1221936 (S.D. Ind. Mar. 25, 2013), *aff'd* 760 F.3d 636 (7th Cir. 2014). The district court concluded that Ball's claims against Detective Jones acting in his official capacity were procedurally barred due to her failure to file a timely notice of tort claim. Although Ball also argued that she did not have to comply with ITCA's requirement because she had sued Detective Jones in his personal capacity, the district court rejected her claim, noting that her complaint included "multiple references to [Detective] Jones having acted pursuant to his official capacity as a Detective in committing the alleged torts." *Id*. at *6. Also, the Complaint only contained conclusory allegations that Detective Jones acted outside of the scope of his employment with IMPD, which failed to satisfy ITCA's heightened pleading requirement for suits against government employees personally. As such, the district court held that the City was entitled to judgment on the pleadings as to all of Ball's state law claims against Detective Jones in his official and personal capacity.

[7] On March 28, 2013, Ball filed a motion for leave to amend her Complaint "to plead only state law claims" against Detective Jones. (Appellee's App. p. 134). In her amended complaint, Ball repled her false arrest and imprisonment claims against Detective Jones in his personal capacity. At the same time, she appealed the district court's order to the Seventh Circuit Court of Appeals, which affirmed the district court on July 25, 2014.

[8] On Ball's request, the case was remanded to the Marion Superior Court, where she filed a second amended complaint on April 4, 2014, alleging that Detective Jones was personally liable for her false arrest and imprisonment. On December 4, 2014, Detective Jones filed a motion for summary judgment, as well as a designation of evidence. Ball filed a response in opposition without citing or designating any evidence in support of her arguments. On March 4, 2015, the trial court entered summary judgment in favor of Detective Jones, finding, as a matter of law, that his actions were within the course and scope of his employment as an IMPD officer.

[9] On April 6, 2015, Ball filed a notice of appeal, appealing the trial court's summary judgment. On the same day, she also filed a motion for enlargement of time to file a motion to correct error with the trial court. Over Detective Jones' objection, the trial court granted Ball's motion and extended the deadline to file a motion to correct error. On May 7, 2015, Ball filed her motion to correct error, reiterating the same legal theories already rejected by the trial court and claiming for the first time that *res judicata* barred the trial court from holding as a matter of law that Detective Jones was personally immune from

suit.  On June 16, 2015, the trial court denied Ball's motion.  On July 2, 2015, Ball filed an amended notice of appeal, adding the trial court's denial of her motion to correct error to her appeal.

[10]  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I.  *Appeal of Motion to Correct Error*

[11]  Initially we note that after a final judgment is handed down in a particular case, a trial court retains only "such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule."  *Waas v. Illinois Farmers Ins. Co.*, 722 N.E.2d 861, 862 (Ind. Ct. App. 2000) (citing *Hubbard v, Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998)), *reh'g denied* .  To this end, a motion to correct error "shall be filed no later than thirty (30) days after the entry of a final judgment is noted in the Chronological Case Summary [CCS]."  Ind. Trial Rule 59(C).  Here, the trial court issued its summary judgment as "a full, complete, and final [j]udgment on all [C]ounts" on March 4, 2015, and entered it into the CCS on March 9, 2015.  Thus, Ball's motion to correct error should have been filed on or before April 8, 2015.  (Appellant's App. p. 284).  However, instead Ball requested an enlargement of time to file her motion to correct error.

[12]  Indiana Trial Rule 6(B) states that "the court may not extend the time for taking any action . . . to correct error[] under Rule 59(C) . . . except to the extent and under the conditions stated in [the Rule]."  T.R. 59(C) does not provide a

mechanism to extend the time in which to file a motion to correct error. Rather, based on the mandatory phrasing of the Rule, the trial court is not afforded any discretion. *See* T.R. 59(C) ("shall be filed"). Thus, as the trial court did not have authority to grant Ball an extension of her time to file her motion to correct error, Ball's motion to correct error filed on May 7, 2015, was untimely. We therefore must dismiss Ball's appeal from the trial court's denial of her motion to correct error.

## II. *Appeal of Summary Judgment*

### A. Standard of Review

[13] Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. T.R. 56(C). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

[14] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we

consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[15] We observe that in the present case, the trial court entered findings of fact and conclusions thereon in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id*.

## B. Res Judicata

[16] First, Ball contends that the trial court erred in granting summary judgment to Detective Jones because the issues raised in his motion for summary judgment had been previously decided by the United States District Court for the Southern District of Indiana (District Court Decision), and, therefore, she maintains that Detective Jones' arguments are now barred by *res judicata*.

[17] We initially note that Ball failed to raise the *res judicata* argument in her response to Detective Jones' motion for summary judgment before the trial court. As a party cannot raise an issue for the first time on appeal, Ball's argument is waived for our review. *See First Farmers Bank*, 891 N.E.2d at 615 n.3.

[18] Waiver notwithstanding, we conclude that Detective Jones' arguments are not barred by the doctrine of *res judicata*. The doctrine of *res judicata* bars the litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010). The principle behind this doctrine, as well as the doctrine of collateral estoppel, is the prevention of repetitive litigation of the same dispute. *Id*. The following four requirements must be satisfied for a claim to be precluded under the doctrine of *res judicata*: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Id*. Accordingly, *res judicata* can only be found after a final judgment has been rendered. A judgment becomes final if "it disposes of all claims as to all parties." Ind. Appellate Rule 2(H)(1).

[19] In her amended complaint before the trial court, Ball alleged that Detective Jones was personally liable for Ball's false arrest and imprisonment. Detective

Jones responded by filing a motion for summary judgment claiming immunity from personal liability under ITCA because his actions fell within the course and scope of his employment as an IMPD officer. Ball now points to the District Court Decision in support of her argument that Detective Jones is barred from claiming immunity, asserting that the District Court already decided that issue. However, notwithstanding Ball's assertion, the District Court Decision actually concluded, in part, "[t]he motion for partial judgment on the pleadings filed on behalf of the City, IMPD, and Det. Jones is also GRANTED. [Ball's] sole remaining claim is the Fourth Amendment false arrest and imprisonment claim against Det. Jones." (Appellee's App. p. 131). On Ball's request, the case was then remanded to the Marion Superior Court, where she reiterated her claim under the Fourth Amendment against Detective Jones. Accordingly, as the District Court did not decide Ball's state claims, no final judgment on the claims' merits has been issued and *res judicata* does not bar their litigation before the trial court.

## C. Analysis

[20] We now turn to the merits of Ball's contention. Ball posits that the trial court erred in granting summary judgment to Detective Jones because "several material issues of fact" remain as to whether Detective Jones acted within the scope of his employment as a police officer with IMPD. (Appellant's Br. p. 10).

[21] The ITCA governs lawsuits against political subdivisions like the City of Indianapolis and against their employees. It requires early notice that a claim

exists, and it provides substantial immunity for conduct within the scope of the employees' employment. *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000). "The purpose of immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Id*. (citing *Ind. Dept. of Correction v. Stagg*, 556 N.E.2d 1338, 1343 (Ind. Ct. App. 1990), *trans. denied*). The ITCA bars suits for which no timely notice has been given.

[22]  However, the immunities granted by the ITCA "might be lost when an employee acts 'so far out of the scope of his or her employment as to amount to fraud or criminal conduct.'" *Celebration Fireworks, Inc.*, 727 N.E.2d at 452 (citing *Poole v. Clase*, 476 N.E.2d 828, 831 (Ind. 1985)); *see also* Ind. Code § 34-13-3-5(c). "To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized." *Id* (citing Restatement (Second) Agency § 229 (1958)). "To be incidental, however, [an act] must be one which is subordinate to or pertinent to an act which the servant is employed to perform." *Id*. (citing Restatement (Second) Agency § 229 cmt. b (1958)). Even tortious acts may fall within the scope of employment. In *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993), our supreme court found that an employee's tortious act may fall within the scope of his employment if his purpose was, to an appreciable extent, to further his employer's business.

In *Gomez v. Adams*, 462 N.E.2d 212, 223 (Ind. Ct. App. 1984), Gomez, a security officer working for a private security agency, detained Adams during an altercation at an apartment complex where Gomez was on duty. While waiting for police officers to arrive, Gomez obtained Adams' personal papers, including his check-cashing card. *Id.* When the officers arrived to take custody of Adams, Gomez gave them Adams' driver's license but retained the rest of the papers. *Id.* Later that same day, after his shift ended, Gomez forged Adams' name and signature on a check. *Id.* Concluding that the forgery "was divorced in time, place and purpose from Gomez' employment duties," the court held that "the act of forgery was not committed within the scope of Gomez' employment[.]" *Id.*

Unlike *Gomez*, at the time Detective Jones filed the probable cause affidavit, he was "on public time, performing a function that was central to the position he held." *Celebration Fireworks*, 727 N.E.2d at 453. Specifically, as a police officer, Detective Jones was authorized to investigate potential drug activity, draft a probable cause affidavit, and execute an arrest. Ball has not designated any evidence establishing that Detective Jones acted on his own initiative or with no intention to perform the service for which he was employed. Rather, Detective Jones' actions in this case are closely associated with actions authorized by IMPD and in furtherance of a multi-agency narcotics investigation. Accordingly, we conclude that Detective Jones' action of the alleged falsification of the probable cause affidavit was "incidental to the conduct authorized" as phrased by the Restatement or, as *Kemezy* noted, "to an

appreciable extent to further his employer's business."  *See* Restatement (Second) Agency § 229; *Kemezy*, 622 N.E.2d at 1298.  Detective Jones' actions are clearly within the scope of his employment as an IMPD officer and therefore are cloaked with immunity under ITCA.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted summary judgment to Detective Jones, holding that, as a matter of law, his actions were within the course and scope of his employment.

Affirmed.

Najam, J. and May, J. concur